283 So.2d 99 (1973)
METROPOLITAN DADE COUNTY TRANSIT AUTHORITY, Appellant,
v.
STATE of Florida DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Appellee.
PALM BEACH COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
STATE of Florida DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Appellee.
Nos. 42487, 42506.
Supreme Court of Florida.
June 27, 1973.
Rehearing Denied October 19, 1973.
*100 Stuart Simon, Dade County Atty., Michael B. Small, County Atty., and R. William Rutter, Jr., Asst. County Atty., for appellants.
Edwin E. Strickland, Tallahassee, for appellee.
PER CURIAM.
These direct appeals seek review of two separate final judgments entered by the Circuit Court of Leon County which initially and directly construed provisions of the Florida Constitution, namely, Article VII, § 1(b) and (c), F.S.A. We have jurisdiction under Fla. Const. art. V, § 3(b)(1) (1973).
Appellants, Metropolitan Dade County Transit Authority and Palm Beach County, filed individual complaints against Appellee, Department of Highway Safety and Motor Vehicles, for declaratory relief and a partial refund of monies paid by them for motor vehicle license taxes on their county-owned buses. These state license taxes were imposed pursuant to Fla. Stat. § 320.08(12), F.S.A., styled "LOCAL BUSES" which levies on each local bus a license tax of $12.50 plus $1.50 per cwt. Contesting the applicability of this statute, appellants in their separate complaints argued that county buses should be taxed under Fla. Stat. § 320.08(11), F.S.A., pertaining to "EXEMPT OR OFFICIAL" vehicles and imposing a lower tax, i.e., a $3.00 flat fee on each bus.
The trial judge, upon motions, granted judgments on the pleadings for the Department of Highway Safety and Motor Vehicles against Metropolitan Dade County Transit Authority and Palm Beach County, respectively. The court said the county buses in question are taxable as "LOCAL BUSES" under Fla. Stat. § 320.08(12), F.S.A., and that said buses are not "EXEMPT OR OFFICIAL" motor vehicles which would be subject to the lower tax in Fla. Stat. § 320.08(11), F.S.A. From these adverse rulings, appellants filed separate appeals here which we consolidated.
In reaching his decisions, the trial judge discussed Fla. Const. art. VII, § 1(b) and (c) in stating that real property and tangible personal property including motor vehicles are exempt from state ad valorem taxation. By explaining these constitutional provisions, the judge construed language in our constitution giving us appeal jurisdiction. Armstrong v. City of Tampa, 106 So.2d 407 (Fla. 1958); and Ogle v. Pepin, 273 So.2d 391 (Fla. 1973).
*101 At this point, we recognize the well-settled rule that precludes us from deciding constitutional questions whenever the case can be disposed of on a non-constitutional ground. In re Estate of Sale, 227 So.2d 199, 201 (Fla. 1969). This principle applies here because our decision will not require an interpretation or an explanation of constitutional language; it turns on matters of statutory construction.
The key statutes for our consideration are Fla. Stat. § 320.08(11), F.S.A.:
"Exempt or official. 
`X' Series: All exempt or official tags: $3.00 flat."
and Fla. Stat. § 320.08(12), F.S.A.:
"Local buses. 
`C' Series: Buses and passenger cars operated wholly within cities or within twenty-five miles thereof: $12.50 flat plus $1.50 per cwt."
The central question becomes whether county buses are either exempt or official motor vehicles which are subject to the lower license tax in Fla. Stat. § 320.08(11), F.S.A. Inasmuch as Metropolitan Dade County Transit Authority and Palm Beach County concede that their buses are not "exempt" vehicles under the statute, we direct our attention to the question of whether the buses are "official" motor vehicles. The trial judge concluded that said buses were not "official." We must disagree. It is our judgment that county-owned buses are "official" and thereby subject to the $3.00 license tax in Fla. Stat. § 320.08(11), F.S.A.
During the oral argument, Metropolitan Dade County Transit Authority and Palm Beach County limited their claim to a partial refund of license taxes paid for the 1971-72 fiscal year. This concession, therefore, restricts our holding to the 1971-72 license taxes, so that appellants are entitled to a refund of their 1971-72 license taxes in excess of $3.00 per bus.
In passing, we note that the State Legislature in 1972 foresaw the possibility of this legal controversy and enacted Fla. Stat. § 320.10(1)(b), F.S.A., exempting "any local transit system motor bus, either privately or publicly owned" from state motor vehicle license taxes in Fla. Stat. §§ 320.08 and 320.09. By virtue of this new legislation, county buses in any local transit system will not even be subject to the $3.00 license tax in the future nor any other state license tax in the statutes mentioned above.
Accordingly, the judgments appealed are reversed and the causes remanded with directions to enter an appropriate order consistent herewith.
It is so ordered.
CARLTON, C.J., ROBERTS, ADKINS, BOYD, McCAIN and DEKLE, JJ., and SPECTOR, District Court Judge, concur.