PER CURIAM.
Since the promulgation of Transition Rule 20, the Court, through the Traffic Court Review Committee, has tried to monitor the progress of efforts, to implement the Florida Uniform Disposition of Traffic Infractions Act, Chapter 74-386, Laws of Florida. As a result of information received since the January 1, 1975, effective date of this act, the Traffic Court Review Committee has petitioned this Court to make several changes in the Traffic Court Rules.
Therefore, Traffic Court Rules, 6.010, 6.060, 6.090, 6.110, 6.130, 6.150, 6.190, 6.310, 6.320, 6.330, 6.340 and 6.500 are amended in the manner appended to this opinion and said amendments are hereby adopted. This amendment is effective at 12:01 a. m., May 1, 1975.
It is so ordered.
ADKINS, C. J., and ROBERTS, BOYD, McCAIN, OVERTON and ENGLAND, JJ., concur.
APPENDIX
Rule 6.010 Scope is amended to read:
(a) These Rules govern practice and procedure in any traffic case and specifically apply to practice and procedure in Municipal Courts, County Courts and any other courts having jurisdiction of traffic cases. The provisions of these rules apply in Circuit Courts to all cases concerning juvenile traffic offenders.
(b) The rules under Part III of these rules apply to all criminal traffic offenses not subject to the provisions of Chapter 318, Florida Statutes, whether prosecuted in the name of the state or any subdivision of it.
(c)The rules under Part IV of these rules apply only to traffic infractions governed by Chapter 318, Florida Statutes, whether adjudicated in a court of the state or any subdivision of it.
Rule 6.060 Code of Judicial Conduct is amended to read:
The Code of Judicial Conduct adopted by the Supreme Court of Florida shall apply to the judge or official of each court subject to these rules, whether or not the judge or official has been admitted to the bar. It shall be the obligation of the judge or official to conduct his court and his professional and personal relationships in accordance with the same standards required of judges of courts of record.
It is not intended that the following provisions of the Code apply to municipal court judges or officials:
Canon 5C(2), D, E, F, and G, and Canon 6A(3).
The title of Rules 6.090 Contempt, Criminal; Summary Punishment; Order; Other Contempt Proceedings, Notice, Bail; Disqualification of Judge; Order is amended to read:
Rule 6.090 Contempt, Criminal; Summary Punishment; Order; Other Contempt Proceedings; Notice; Bail, Disqualification of Judge or Official; Order.
Rule 6.110 Driver Improvement, Student Traffic Safety Council and DWI Counterattack Schools is amended to read:
(a) In those areas where traffic law violators are sentenced or are allowed to elect to attend a driver improvement or student traffic safety council school or are sentenced to a DWI counter attack school the chief judge of the circuit shall issue a local rule designating the schools to which attendance is required.
*666 (b) Any school not designated by the chief judge may seek approval by petition to the Traffic Court Review Committee.
(c) Any schools designated to serve an area of the state are subject to the inspection and supervision of the Traffic Court Review Committee.
Rule 6.130 Traffic Cases Tried Separately is amended to read:
Insofar as practicable traffic cases shall be tried separately from other cases. Where a person is cited for the commission of both a criminal and a civil traffic violation or both a civil traffic infraction requiring a mandatory hearing and a civil traffic infraction not requiring a hearing the cases may be heard simultaneously if they arose out of the same set of facts. Also, where a criminal traffic case is transferred from a municipal court to a county court any civil traffic infraction case arising out of the same set of facts may be transferred and heard at the same time.
Under any of these circumstances the civil traffic infraction shall be treated as continued for the purpose of reporting to the Department. Prior to the date of the scheduled hearing of trial, an alleged offender may dispose of any non-mandatory civil traffic infraction in the manner provided by these rules and section 318.14 of Florida Statutes.
Rule 6.150 Witnesses is amended to read:
The procedure prescribed by law in civil and criminal cases concerning the attendance and testimony of witnesses, the administration of oaths and affirmations and proceedings to enforce the remedies and protect the rights of the parties shall govern traffic cases so far as they are applicable unless provided otherwise by these rules or by the law. Payment of witness fees and costs of serving witnesses in civil traffic cases shall be made in the same manner as a criminal traffic case.
Rule 6.190 Procedure on Failure to Appear; Warrant; Notice is amended to read:
(a) The court may direct the issuance of ' a warrant for the arrest of any resident of this state, or any non-resident upon whom process may be served in this state, who fails to appear and answer a criminal traffic complaint or summons lawfully served upon such person and against whom a complaint or information has been filed. The warrant shall be directed to all law enforcement officers, state, county and municipal, in the state and may be executed in any county in this state.
(b) If a warrant is not issued or is not served within 30 days after issuance the court may place the case in an inactive file or file of cases disposed of and shall report only bond forfeiture cases and cases finally adjudicated to the driver license issuing authority of the Department of Highway Safety and Motor Vehicles. For all other purposes, including final disposition reports, the cases shall be reported as disposed of, subject to being reopened if thereafter the defendant appears or is apprehended.
(c) If a defendant is not a resident of this state and fails to appear or answer a traffic complaint, the clerk of the court or the court shall mail notice to the defendant at the address stated in the complaint and to the Department. The Department shall send notice to the license issuing agency in the defendant’s home state. If the defendant fails to appear or answer within 30 days after the mailing of notice, the court shall place the case in an inactive file or file of cases disposed of subject to being reopened if thereafter the defendant appears or answers or a warrant is issued and served.
(d) The waiting period imposed herein shall not affect any proceedings for forfeiture of bail.
*667 Rule 6.310 Reckless Driving; Lesser In-chided Offense is amended to read:
Rule 6.310 Lesser Included Offenses.
No civil traffic infraction shall be considered a lesser included offense of any criminal traffic offense. As an example, where a person is cited for the criminal traffic offense of reckless driving- pursuant to section 316.029, of Florida Statutes, careless driving, section 316.030, of Florida Statutes, which is a traffic infraction, shall not be considered a lesser included offense of the reckless driving charge.
Rule 5.320 Complaint; Summons; Forms; Use is renumbered as:
Rule 6.320 Complaint; Summons; Forms; Use.
Rule 6.330 Election to Attend Traffic School is amended to read:
Unless a mandatory hearing is required pursuant to section 318.19 of Florida Statutes, or the alleged offender appears at a hearing before an official, an alleged offender may elect to attend a driver improvement school or a student traffic safety council school where such schools are available in lieu of payment of the civil penalty. The person must appear at the traffic violations bureau of the court having jurisdiction of the case to make such an election, within ten days of the date of the citation. If the person begins the driver school course, such action shall constitute an admission and a waiver of the right to a hearing. An offender may elect to attend a driver improvement school or student traffic safety council school to satisfy only one traffic infraction citation during each calendar year.
Rule 6.340 Rule on Admission that Traffic Infraction Was Committed; Affidavit of Defense is amended to read:
(a)If any person admits that a traffic infraction was committed, the official shall set the civil penalty and enter judgment accordingly and for this purpose may hear evidence on the nature of the case and after the hearing may refuse to accept the admission in his discretion.
(b) No admission shall be received by the court other than by appearance of the offender or the offender’s attorney in open court or as herein provided in these rules or by statutory law. The acceptance by a court of a signed admission or waiver of trial, contrary to the provisions of these rules or statutory law is forbidden.
(c) Any person charged with the commission of a traffic infraction who is not a resident of or domiciled in the county where the alleged infraction took place may, at the direction of the clerk or traffic violations bureau, file a written statement setting forth facts justifying the filing of an affidavit of defense or file an affidavit of defense directly if practicable upon posting a reasonable bond set by the official.
If a written statement of facts is filed and, in the opinion of the official, it affirmatively appears from these facts that the interests of justice will best be served by allowing the alleged offender to file an affidavit of defense, such affidavit, upon the posting of a reasonable cash appearance bond set by the official, may be filed with the clerk of the court or the traffic violations bureau.
Any such affidavit shall be sworn to before a notary public, deputy clerk or clerk. Upon acceptance of an affidavit by an of-Such affidavits may be accepted where a ficial it shall be accepted as an appearance, mandatory hearing is required to either deny or admit the commission of the infraction or as an appearance denying the commission of the infraction where no mandatory hearing is required. Such affidavit shall be considered in evidence by the official presiding at the time when such case is scheduled for hearing and the case may be adjudicated upon evidence offered in support of the complaint and such affidavit.
Committee Note
The following is a recommended form to be used as an affidavit of defense. Information as to who may file such an affidavit and any other pertinent information may be provided on the back of the form.
*668 AFFIDAVIT OF DEFENSE
(Name of Alleged Offender)
IN THE COUNTY COURT, _ IN AND FOR_COUNTY, FLORIDA (Number of Complaint)
Before.me, personally appeared,. (Name of Alleged Offender) . who having been
duly sworn, deposes and says :
1.) My name is :- _; I reside permanently at. Street and No.
and I received the above numbered City and State
complaint charging me with Description of Violation Date at Time
AM-PM
2.) At the time of the alleged violation, I was driving a-Type of Motor Vehicle
in a_on_in_County, Florida. Direction Street or Avenue
3.) I am leaving_ County on_, and my hearing date is Date
_at Court Location_, at-Date Location Time
4.) I am DENYING/ADMITTING (strike one) the commission of the infraction because: (Explain your defense in your own words, being as brief as possible, but omitting no material facts that will help the Official arrive at a judgment in your case. (PRINT OR TYPE)
(IF MORE SPACE IS NEEDED FOR EXPLANATION — USE REVERSE SIDE)
_:___ Sworn to and subscribed before me, Signature of Affiant (Alleged Offender) this_day of_, 19_
Deputy Clerk, County Court or Notary Public
NOTE: This Affidavit will be presented to the presiding Official together with the complaint against you, on the date noted on your copy of the complaint or as soon thereafter as possible. You will be advised by mail of the result, and will, at that time, receive from the Court a check covering the balance of your bond, after deduction of penalty, if any is imposed. The Judges of this Court reserve the right to compel personal appearance as may be determined by the gravity or seriousness of the offense charged.
The title of Rule 6.500 Pronouncement and Entry; Penalizing Official is amended to read:
Rule 6.S00 Pronouncement and Entry of Penalty; Penalizing Official,