SUNDBERG, Justice.
In three separate actions, appellees Carr, Rummel and Evans were cited with noncriminal infractions of the Florida Uniform Traffic Control Law, chapter 316, Florida Statutes (1977). After hearings in the Ala-chua County Court, appellees were adjudicated guilty, Evans on November 22, 1977, Carr and Rummel on December 6, 1977. Evans appealed the decision to the Circuit Court for Alachua County on December 12, 1977. Carr and Rummel consolidated their appeals and filed the requisite notice of appeal in the county court on December 29, 1977.
On February 21, 1978, appellees Carr and Rummel filed motions in the county court to vacate the judgments of guilty. An identical motion was filed by appellee Evans on February 24, 1978. A consolidated hearing was held on the motions on March 1, 1978. The county judge granted the motions on March 2, 1978, holding that (1) article V, section 20(c)(4), Florida Constitution, does not confer jurisdiction on the county court to hear noncriminal traffic infractions, and (2) it is a violation of the separation of powers provision of article II, section 3, Florida Constitution, for a judicial officer to sit as a hearing official in a noncriminal traffic infraction case as provided by chapter 318, Florida Statutes (1977). Because the county judge construed provisions of our state constitution, we have jurisdiction of this cause pursuant to article V, section 3(b)(1), Florida Constitution.
*658 Appellees concede that their motions to vacate judgment were not filed timely under Florida Rule of Practice and Procedure for Traffic Courts 6.540(a). That rule provides that “[a] motion for new hearing or in arrest of judgment, or both, may be made within four days, or such greater time as the official may allow, not to exceed 10 days, after the finding of the official.” (Emphasis supplied.) Ninety-four days elapsed between rendition of the judgment against Evans and the filing of his motion, and seventy-seven days elapsed as to Carr and Rummel. Appellees submit, however, that motions assailing the jurisdiction of the court would have been timely under either Florida Rule of Criminal Procedure 3.850 or Florida Rule of Civil Procedure 1.540(b), and that the instant motions should be considered as having been filed under one of these rules. Appellant counters with the assertion that the Florida Rules of Criminal Procedure and the Florida Rules of Civil Procedure are inapplicable to proceedings involving noncriminal traffic infractions. Alternatively, even if these rules do govern this type of proceeding, they do not enable a judge to vacate a judgment once the notice of appeal from that judgment has been filed. This is so, contend appellees, because the filing of a notice of appeal divests the trial court of jurisdiction over the subject of the appeal.
We agree with appellant’s argument that the Florida Rules of Criminal Procedure and the Florida Rules of Civil Procedure are inapplicable to the proceedings in issue. This conclusion follows from an examination of the Florida Rules of Practice and Procedure for Traffic Courts. On December 9, 1974, this Court adopted these temporary rules as an emergency matter to govern the courts in disposition of traffic cases under chapter 318, Florida Statutes, whereby the legislature decriminalized certain violations of chapter 316.[1] § 318.12, Fla.Stat. (1977). Part III of the rules, which encompasses rules 6.160 through 6.310, applies solely to criminal traffic offenses not subject to chapter 318. Part IV of the rules, on the other hand, which contains rules 6.320 through 6.620, governs exclusively noncriminal traffic infractions under chapter 318. Fla.R.Traf.Ct. 6.010(b) and (c). The proceedings in the instant case are governed by part IV of the rules. Part III provides expressly that trials under its provisions shall be governed by the Florida Rules of Criminal Procedure as far as they may be applicable unless they are in conflict with the traffic court rules. Fla.R.Traf.Ct. 6.220. In contrast, part IV contains no such provision. The absence of this provision in part IV and its inclusion in part III suggests that the Florida Rules of Criminal Procedure are not intended to apply to proceedings under the former part, involving noncriminal traffic infractions. See Ohio Casualty Group v. Parrish, 350 So.2d 466, 469 (Fla.1977). Similarly, the failure of part IV to provide expressly that trials under that part are controlled by the Florida Rules of Civil Procedure compels the conclusion that those rules are likewise inapplicable to noncriminal traffic infractions.
Motions under Florida Rule of Practice and Procedure for Traffic Courts 6.540(a) were unavailing to appellees as well; because they were not filed within the time limits prescribed in rule 6.540(a), the county court lacked power to vacate the judgments under its provisions. Further, the county court could not afford appellees the relief requested because the motions were filed after jurisdiction over these cases had vested in the circuit court. When the notices of appeal to the circuit court were filed,-jurisdiction was transferred to that tribunal. The lower court was correspondingly deprived of power to enter further orders in these cases while their appeals *659 remained pending.[2] De La Portilla v. De La Portilla, 304 So.2d 116 (Fla.1974), Moody v. Volusia County, 90 Fla. 864, 107 So. 185 (1925); Stewart v. Golding, 327 So.2d 879 (Fla. 3d DCA 1976). Consequently, the order of the county court vacating the judgments is void. Appellees should have sought relief in the tribunal which currently possessed jurisdiction over their case— the circuit court.
In that the order construing article V, section 20(b) and article II, section 3, Florida Constitution, is void, we do not reach the issue of either the jurisdiction of county courts to hear noncriminal traffic infractions or whether it is a violation of separation of powers for a judicial officer to sit as an official in chapter 318 proceedings. See Metropolitan Dade County Transit Authority v. State Department of Highway Safety and Motor Vehicles, 283 So.2d 99 (Fla.1973); In re Estate of Sale, 227 So.2d 199 (Fla.1969); Jones v. City of Sarasota, 89 So.2d 346 (Fla.1956); Mayo v. Market Fruit Co. of Sanford, Inc., 40 So.2d 555 (Fla.1949).
Therefore, for the reasons expressed, the order of the County Court for Alachua County, Florida, vacating the judgments entered against appellees is reversed and the cause is remanded to that court for proceedings not inconsistent with this opinion.
It is so ordered.
ENGLAND, C. J., and ADKINS, BOYD, OVERTON, HATCHETT and ALDERMAN, JJ., concur.

. These rules “govern . . . until permanent rules are submitted by The Florida Bar for adoption.” In re Transition Rule 20, 306 So.2d 489 (Fla.1974). By opinion filed April 25, 1975, effective May 1, 1975, certain amendments were made in the rules as originally promulgated. In re Transition Rule 20, 311 So.2d 665 (Fla.1975). Reference in this opinion is to the Florida Rules of Practice and Procedure for Traffic Courts as so amended.

. A notable exception to the proposition that a trial court is divested of jurisdiction over a matter upon filing of a notice of appeal is contained in Florida Rule of Civil Procedure 1.540(a). This rule enables a trial court to correct a clerical mistake in a case pending appeal if it does so before the record is docketed in the appellate tribunal. Thereafter, such correction may be made only with leave of the appellate court.