290 So.2d 576 (1974)
STATE of Florida and Department of Highway Safety and Motor Vehicles (Motor Vehicle Division), for the Use and Benefit of Ship & Shore Motors, Inc., Appellants,
v.
BRITISH LEYLAND MOTORS, INC., and Leyland Motor Sales, Inc., Appellees.
No. U-432.
District Court of Appeal of Florida, First District.
January 10, 1974.
Opinion February 14, 1974.
*577 James A. Urban and James M. Corrigan, of Maguire, Voorhis & Wells, Orlando, for appellants.
Joseph C. Jacobs and Davisson F. Dunlap, of Ervin, Varn, Jacobs & Odom, Tallahassee, for appellees.
PER CURIAM.
Judgment appealed as to appellants Ship & Shore distributorship franchise agreement is affirmed. Opinion will follow at a later date.
RAWLS, C.J., and SPECTOR and BOYER, JJ., concur.

OPINION
PER CURIAM.
The appellants, plaintiffs below, hereinafter referred to as "Ship & Shore", filed a complaint in the Circuit Court in and for Leon County pursuant to Florida Statute 320.695, F.S.A., seeking to have the appellees, defendants in the trial court, hereinafter referred to as "Leyland", enjoined *578 from discontinuing, cancelling or failing to renew a certain agreement between the parties until complying with Florida Statute 320.641, F.S.A.
The trial court entered a final judgment adverse to Ship & Shore, and Ship & Shore filed a notice of appeal and thereafter a petition for constitutional stay writ. Time being of the essence, this court advanced the matter on its calendar and heard oral arguments on December 28, 1973. Thereafter, again for the purpose of accommodating the parties time wise, this court followed the unusual procedure of entering a brief per curiam opinion indicating that this opinion would follow at a later date.
We essentially adopt the findings and reasoning of the able trial judge and affirm, denying the petition for constitutional stay writ.
The basic facts are not in dispute:
Leyland is the sole importer into the United States of Austin, Jaguar, MG, Rover, and Triumph automobiles. It has entered into a written agreement with Ship & Shore entitled "United States Distributor's Agreement", granting to Ship & Shore the exclusive right (subject to certain exceptions here immaterial) to distribute Austin and MG automobiles in the States of Alabama, Florida, Georgia, Mississippi, North Carolina, and South Carolina. This agreement, with certain extensions, expired December 31, 1973. Leyland indicated an intention not to renew the agreement. Ship & Shore applied to the Department of Highway Safety and Motor Vehicles for, and was issued, licenses as a "Dealer in Motor Vehicles"[1] and as "Factory Branch, Factory Representative, Manufacturer, Distributor or Importer".[2]
The sole question presented is whether or not Leyland may refuse to renew its contract with Ship & Shore without complying with the provisions of F.S. Section 320.641, F.S.A., which provides in part:
"(1)(a) An applicant or licensee shall notify the motor vehicle dealer and forward a copy of such notice to the department of the licensee's intention to discontinue, cancel, or fail to renew the franchise agreement of any of its motor vehicle dealers at least ninety days before the effective date thereof, together with the specific grounds for discontinuation, cancellation, or failure to renew of said agreement, if discontinued, cancelled, or not renewed."
Ship & Shore argues that the provision of F.S. Section 320.60(12)(a), F.S.A., to wit:
"`Motor vehicle dealer' means any person, firm, or corporation who, for commission, money or other things of value, sells exchanges, buys, or rents, or offers, or attempts to negotiate a sale or exchange of any interest in, motor vehicles or who is engaged wholly or in part in the business of selling motor vehicles, whether or not such motor vehicles are owned by such person, firm, or corporation."
is controlling. It is contended that this definition is clear and unambiguous; that Ship & Shore buys and sells motor vehicles; that Ship & Shore is, therefore, a dealer within the meaning of F.S. Section 320.641, F.S.A.; that the court cannot change the plain meaning of the statute and, consequently, must grant the relief sought.
Ship & Shore relies heavily upon the Florida Supreme Court case of Florida State Racing Commission v. McLaughlin, (Fla. 1958) 102 So.2d 574, 575, 576. The weight of that decision is somewhat weakened *579 by Adams v. Sutton, (Fla. 1968) 212 So.2d 1, in which the trial court was reversed for adhering too rigidly to the exact language of a statute. However, the conclusions here announced are in no way inconsistent with the McLaughlin case when it is read in full. The following language is significant:
"`It is elementary that the function of the Court is to ascertain and give effect to the Legislative intent in enacting a statute.
"`In applying this principle certain rules have been adopted to guide the process of judicial thinking. The first of these is that the Legislature is conclusively presumed to have a working knowledge of the English language and when a statute has been drafted in such manner as to clearly convey a specific meaning the only proper function of the Court is to effectuate this legislative intent.
"`This rule is subject to the qualification that if a part of a statute appears to have a clear meaning if considered alone but when given that meaning is inconsistent with other parts of the same statute or other in pari materia, the Court will examine the entire act and those in pari materia in order to ascertain the overall legislative intent. [Emphasis supplied]
"`When construing a particular part of a statute it is only when the language being construed in and of itself is of doubtful meaning or doubt as to its meaning is engendered by apparent inconsistency with other parts of the same or a closely related statute that any matter extrinsic the statute may be considered by the Court in arriving at the meaning of the language employed by the Legislature.'"
The statutory definition of "motor vehicle dealer" as found in F.S. Section 320.60, F.S.A., is not clear and unambiguous when considered in connection with other portions of the statute. In the strict literal meaning of the language used, every citizen who buys, sells, or leases motor vehicles is a "dealer".[3] Every person who sells his old motor vehicle and buys another, or who rents two U-drive-its, meets this test. Even if the prima facie evidence rule appearing in subsection (b)[4] is regarded as substantive law, it is a matter of common and public knowledge that many thousands of individuals and businesses buy or sell more than three motor vehicles every year. When either F.S. Chapter 320, F.S.A., or Chapter 70-424, Laws of Florida, is read as a whole, it is abundantly clear that the legislature did not intend to require all these persons to be licensed as "dealers".
It therefore becomes necessary for the court to examine the statute as a whole and seek to ascertain the legislative intent.
One thing is obvious: The legislature intended to draw a distinction between a "distributor" as defined in subsection 320.60(2) and a "dealer" as defined in subsection 320.60(12).
It seems equally obvious that the word "licensee", as defined in subsection 320.60(8) includes a "distributor", but does not include a "dealer". That is true because "licensees" are only those licensed under Section 320.61 and dealers, as such, are not licensed under that section.
Of course, Leyland is a licensee.
Ship & Shore is licensed both as a distributor and as a dealer. The law does not forbid the same legal entity acting in both capacities.
The case then is narrowed to a consideration of whether or not, in dealing with *580 Leyland, Ship & Shore acted in its capacity as a distributor or in its capacity as a dealer.
An examination of the contract between Leyland and Ship & Shore leaves no doubt that Ship & Shore contracted in the capacity of "a person ... who, in whole or in part, sells or distributes motor vehicles to motor vehicle dealers or who maintains distributor representatives", thus fitting exactly into the statutory definition of a distributor.
Indeed, the contract itself is entitled, as above observed, "United States Distributor's Agreement", and thoughout the contract Ship & Shore is designated as "distributor". At no place in the contract is Ship & Shore referred to as a dealer and it is perfectly clear from a reading of the contract that the parties themselves made a clear distinction between a distributor and a dealer.
The statute has different provisions for the regulation of distributors and dealers, particularly as to the conditions for granting and revoking licenses.
Certainly the legislature contemplated that the benefits of Section 320.641 would extend to that class of "dealers" which were licensed and regulated as such. Did it also intend those benefits to the "dealers" who were, in fact, "distributors"? When the statute as a whole is considered, it is clear that it did not.
Any problem about the inclusion of "distributors" in the definition of "dealers" as that term is used in Section 320.641 is relieved by the fact that all the definitions contained in Section 320.60 are qualified by the phrase "unless the context otherwise requires". The court is of the opinion that the context of Section 320.641, when considered in the context of the whole of Chapter 320, requires that the words "motor vehicle dealer" as used in Section 320.641 be construed not to include "distributors".
Since the contract which Leyland has elected not to renew was not a contract between Leyland as distributor and Ship & Shore as a "dealer", Florida Statute 320.641, F.S.A., does not require that Leyland give notice of intention not to renew this contract, nor is there any requirement that the other provisions thereof be complied with.
If there were doubt as to whether the contract in question was within the terms of Section 320.641, that doubt would have to be resolved in favor of Leyland because the right of contract should not be denied to any person unless clearly restricted by a valid law.
We have not overlooked the provision in the contract providing for automatic termination of any agreements which the distributor shall have made with any authorized dealers upon the cancellation or expiration of the contract between Leyland and Ship & Shore. Termination of those contracts are not involved in this proceeding. However, we think it pertinent to recite that Leyland filed an affidavit in the trial court by its president recognizing the agreements between Ship & Shore and its authorized dealers and agreeing not to attempt to terminate those contracts without first complying with the provisions of Chapter 320, Florida Statutes, F.S.A., and further the attorney for Leyland so stipulated and agreed before this court during oral argument.
Upon consideration of the foregoing, the judgment of the trial court is affirmed and the petition of appellant for constitutional stay writ is denied.
RAWLS, C.J., and SPECTOR and BOYER, JJ., concur.
NOTES
[1] Expressly issued pursuant to F.S. § 320.27, F.S.A.
[2] Expressly issued pursuant to F.S. §§ 320.60-320.70, F.S.A. The copy of this license attached to the complaint indicates an expiration date of September 30, 1973. Since the parties make no reference to this fact, the court will assume that the license was properly renewed.
[3] It will be observed that the definition of "motor vehicle dealer" in § 320.60 differs from the definition of "motor vehicle dealers" in § 320.27 (although both are parts of the same enactment  Chapter 70-424)  in that under § 320.27 one must be in the business of buying, selling, etc., but that is not required by § 320.60.
[4] As it appears in compiled statutes, but is subsection (a) as it appears in Chapter 70-424, Laws of Florida.