QUESTIONS: 1. Is s. 320.27, F.S., unconstitutional as applied to an automobile brokerage service? 2. Is an automobile brokerage service a "motor vehicle dealer" as defined in s. 320.27, F.S.?
SUMMARY: Statutes are presumptively valid and no opinion can be expressed on the constitutionality of a duly enacted statute absent a case or controversy arising in an adversary proceeding. An automobile brokerage service is a motor vehicle dealer as defined in s. 320.27, F.S., for which a license is required in order to operate. AS TO QUESTION 1: Regarding your inquiry on the constitutionality of s. 320.27, F.S., I must beg your indulgence and decline to give an opinion on this matter. It is the long-standing policy of this office, in which I concur, to decline to rule upon the validity of a duly enacted statute. As you know, legislative enactments are presumptively valid, and even the judiciary will not rule upon the validity of a statute except in an adversary proceeding in which the constitutional question is properly presented and must be decided in order to determine the controversy. Cf. Evans et ux. v. Hillsborough County, 186 So. 193,196 (Fla. 1938). As noted in the very early case of Conn v. Chadwick Co., 17 Fla. 428, 434 (Fla. 1880): If (constitutional questions) become indispensably necessary to the case the court must meet and decide them; but if the case may be determined on other points, a just respect for the Legislature requires that the obligation of its laws should not be unnecessarily or wantonly assailed. Therefore, I must respectfully decline to answer question 1. AS TO QUESTION 2: It has long been recognized that the sale of motor vehicles is a lawful business which any person has the right to pursue, subject only to reasonable regulation of the state, under its police power, for the purpose of preventing fraud and promoting the general welfare of the public . . . . See generally 57 A.L.R.2d 1268. The Florida Supreme Court has held that the Legislature may classify automobile dealers and pass laws regulating them as a class. Moore v. Thompson, 126 So.2d 543, 549
(Fla. 1960). Section 320.27, F.S., regulates the sale of motor vehicles by providing in subsection (2) that: "No person shall engage in business as, serve in the capacity of or act as a motor vehicle dealer in this state without first obtaining a license therefor as provided in this section." (Emphasis supplied.) The regulated class of persons to which this prohibition applies is described in s. 320.27(1)(d), F.S., wherein "motor vehicle dealer" is defined to mean: . . . any person engaged in the business of buying, selling, or dealing in motor vehicles or offering or displaying motor vehicles for sale. Any person who buys, sells, or deals in three or more motor vehicles in any twelve month period or who offers or displays for sale three or more motor vehicles in any twelve month period shall be prima facie presumed to be engaged in such business. The terms "selling" and "sale" include leasepurchase transactions. (Emphasis supplied.) Although the term motor vehicle dealer found in s.320.60(12)(a), F.S., has been judicially construed, its terms and their context are different from those found in s. 320.27(1)(d), supra, which have not been judicially construed. State v. British Leyland Motors, Inc., 290 So.2d 576 (1 D.C.A. Fla., 1974). Nevertheless, the First District Court of Appeal in the British Leyland Motors case, supra, recognized that when construing any statute to ascertain and give effect to the legislative intent, the following language of the Florida Supreme Court is significant: It is elementary that the function of the Court is to ascertain and give effect to the Legislative intent in enacting a statute. In applying this principle certain rules have been adopted to guide the process of judicial thinking. The first of these is that the Legislature is conclusively presumed to have a working knowledge of the English language and when a statute has been drafted in such manner as to clearly convey a specific meaning the only proper function of the Court is to effectuate this legislative intent. . . . When construing a particular part of a statute, it is only when the language being construed in and of itself is of doubtful meaning or doubt as to its meaning is engendered by apparent inconsistency with other parts of the same or a closely related statute that any matter extrinsic to the statute may be considered by the Court in arriving at the meaning of the language employed by the Legislature. Nothing is more essential to the proper recognition of the legislative function in government or more conducive to avoidance of inadvertent invasion of that field by the courts than the proposition, often announced, that the courts may not go outside the statutes themselves to seek reasons for doubt as to the meaning of a statute and then use these extraneous reasons as a basis for giving a statute a meaning different from that conveyed by the language chosen by the Legislature to express its intent. [Florida State Racing Commission v. McLaughlin, 102 So.2d 574, 575, 576 (Fla. 1958).] In my opinion the automobile brokerage service to which your question refers does fall within the definition of motor vehicle dealer in s. 320.27(1)(d), supra, since such broker does "deal" in motor vehicles or "offer" them for sale. As stated in the McLaughlin case, supra, when the language of a statute is so plain and unambiguous as to fix the legislative intent, there should be no departure from the plain language of the statute. [See] 30 Fla. Jur. Statutes s. 84 (1974 Edition). My opinion in this regard is supported by the general rule of statutory construction which holds that the mention of one thing implies the exclusion of another; expressio unius est exclusio alterius. [See] 30 Fla. Jur. Statutes s. 90 (1974 Edition). The definition of motor vehicle dealer found in s. 320.27(1)(d), F.S., contains an exhaustive list of persons who are specifically excluded from the definition. However, an automobile brokerage service is not listed as an exclusion from the definition of motor vehicle dealer, and I must therefore assume that the Legislature, in drafting specific exemptions, intended to exempt from coverage only those persons actually listed. In expressing my opinion that automobile brokerage services are covered by the definition of motor vehicle dealer found in s. 320.27(1)(d), supra, and therefore may not operate without a license as provided in s. 320.27(2), F.S., I make no determination at this time whether such brokerage service will be able to successfully apply for such license. The Department of Highway Safety and Motor Vehicles is given responsibility in s. 320.27(3), F.S., to accept and review applications for licenses subject to rules and regulations which it prescribes. The facts of each application will have to be reviewed by the department in determining if a particular brokerage service qualifies for a license. However, it should be noted that in order to qualify for a license: The applicant shall certify that (his) location is a permanent one, is not the residence of the applicant, is not a tent or a temporary stand or other temporary quarters, that the location affords sufficient unoccupied space upon and within which adequately to store all motor vehicles offered and displayed for sale and is a suitable place where the applicant can in good faith carry on such business and keep and maintain books, records, and files necessary to conduct such business which will be available at all reasonable hours to inspection by the department or any of its inspectors or other employees. The applicant shall certify that the business of a motor vehicle dealer is the principal business which shall be conducted at the said location. (Emphasis supplied.) [Section320.27(3), F.S.] Question 2 is therefore answered in the affirmative.