515 So.2d 997 (1987)
Adam BERGER, Appellant,
v.
FIREMAN'S FUND INSURANCE COMPANY, Appellee.
No. 86-582.
District Court of Appeal of Florida, Third District.
September 8, 1987.
Rehearing Denied November 24, 1987.
Keyfetz, Poses & Halpern and Andrea R. Baron, Miami, for appellant.
Corlett, Killian, Hardeman, McIntosh & Levi and Leanne J. Frank, Miami, for appellee.
Before HUBBART, BASKIN and FERGUSON, JJ.

REVISED OPINION
PER CURIAM.
Plaintiff/insured Adam Berger appeals from a final order entering summary judgment in favor of his insurer, Fireman's Fund Insurance Company, and denying Berger's motion for summary judgment.
Fireman's Fund insured Berger under an automobile policy which included uninsured motorist coverage in the amount of $100,000 per person and $300,000 per accident. The policy also contained an arbitration escape clause which provided that an uninsured motorist award in excess of $10,000 is not binding and that either party, in such a case, could demand a trial. After Berger was injured in an automobile accident he made a claim for damages and arbitration, notwithstanding the amount, which Fireman's *998 Fund denied. Berger brought this declaratory action and moved for summary judgment seeking a determination that the arbitration escape provision is invalid and unenforceable. Fireman's Fund filed a cross motion for summary judgment requesting enforcement of the provision as written. The circuit court determined that the nonbinding arbitration provision did not contravene the Florida Arbitration Code, sections 682.01-.22, Florida Statutes (1985). We reverse.
An agreement to arbitrate is an agreement to accept the arbitrator's decision as final and binding. Bankers & Shippers Ins. Co. v. Gonzalez, 234 So.2d 693, 695 (Fla. 3d DCA 1970) ("very essence of an arbitration is an agreement to be bound by the factual determination of the arbitrator and thus end the factual controversy"); Travelers Ins. Co. v. Luckett, 279 So.2d 885 (Fla. 3d DCA 1973) (same). The instant arbitration provision which permits either party to repudiate the agreement if dissatisfied with an arbitration award in excess of $10,000, contravenes the Arbitration Code and public policy as expressed in judicial opinions and is therefore null and void. Claims brought under the policy must, therefore, be pursued in a court of law.
Reversed and remanded with instructions to grant Berger's motion for summary judgment.
Before SCHWARTZ, C.J., and BARKDULL, HENDRY, HUBBART, NESBITT, BASKIN, DANIEL S. PEARSON, FERGUSON and JORGENSON, JJ.

ON MOTION FOR REHEARING EN BANC
PER CURIAM.
Motion for rehearing en banc is denied.
FERGUSON, Judge, dissenting to denial of rehearing en banc.
The question presented is a close one on the law, but I am not persuaded by the motions for rehearing that the panel opinion is incorrect. Nevertheless, the question is of great importance because arbitration escape clauses are so prevalent in the automobile insurance industry.
The appellant sought a declaration only that the clause, which makes an arbitration award in excess of $10,000 nonbinding on the insurer, is both unlawful and severable. The panel opinion declares the escape clause unlawful and, essentially, nonseverable from the arbitration agreement. The parties apparently are in accord that the ruling affects many cases now scheduled for arbitration hearings, requiring that those cases now be filed as new court actions. That consequence suffices, I think, to qualify the decision as one of great importance.
DANIEL S. PEARSON, J., concurs.