515 So.2d 1370 (1987)
AMICA MUTUAL INSURANCE COMPANY, Appellant/Cross-Appellee,
v.
John S. ROE and Patricia T. Roe, Appellees/Cross-Appellants.
No. 87-345.
District Court of Appeal of Florida, Second District.
December 2, 1987.
*1371 Manuel J. Alvarez, of Mitchell, Alley, Rwyant & Vessel, Tampa, for appellant/cross-appellee.
W. James Kelly and C. Kenneth Stuart, Jr., of W. James Kelly, P.A., Lakeland, for appellees/cross-appellants.
George W. Phillips, Tampa, amicus curiae by Academy of Florida Trial Lawyers, for appellant/cross-appellee.
THREADGILL, Judge.
Amica Mutual Insurance Company (Amica), appeals a final judgment confirming an arbitration award to Patricia T. Roe. John and Patricia Roe cross-appeal, alleging error in the court's failure to confirm an arbitration award to John Roe. We affirm the judgment of the trial court.
On September 25, 1984, John Roe sustained permanent injury to his back in an automobile/bicycle collision. At the time of his accident, John Roe had a liability insurance policy with Amica which provided that either party could make a written demand for arbitration to resolve any dispute concerning underinsured motorist benefits. It further provided that if an arbitration award exceeded $10,000 (the minimum bodily injury liability limits of the Florida Financial Responsibility Law), either party would be entitled to a jury trial if demand was made within sixty days of the award.[1]
After resolving their claim against the tort-feasor, the Roes filed for underinsured motorist benefits under their policy, and agreed to arbitrate. Amica admitted liability and the issue of damages was submitted for arbitration. A hearing was held on June 23, 1986 after which John Roe was awarded $225,735 for his personal injury and Patricia Roe was awarded $40,000 on a derivative consortium claim. On July 25, 1986, pursuant to the terms of the policy, Amica wrote a letter demanding a jury trial on John Roe's claim. The Roes filed a motion in the circuit court to confirm both awards. The trial court refused to confirm the award to John Roe because Amica had timely demanded a jury trial pursuant to the policy, but did confirm the award to Patricia Roe because Amica had failed to demand trial on her award.
Amica contends that the trial court erred in confirming the $40,000 award to Patricia Roe because her claim is derivative and can be maintained only if her husband can maintain a cause of action. Faulkner v. Allstate, 367 So.2d 214 (Fla. 1979); Gates v. Foley, 247 So.2d 40 (Fla. 1971). However, the record shows that Amica admitted liability and submitted only the question of damages for arbitration. Because Amica made no demand for jury trial pursuant to *1372 the contract nor moved to vacate the award pursuant to section 682.13 Florida Statutes (1985), the award of damages to Patricia Roe will be affirmed.
On cross-appeal the Roes argue that both awards should be confirmed. They contend that the arbitration provision in the policy which allows for jury trial after arbitration violates public policy and Florida's Arbitration Code, chapter 682, Florida Statutes (1985).
A similar contract provision was recently invalidated by the Third District Court of Appeal in Berger v. Fireman's Fund Insurance Company, 12 F.L.W. 1023 (Fla. 3d DCA April 24, 1987). The insured in Berger contested the clause in his policy which stated that arbitration awards in excess of $10,000 would not be binding and allowed either party in such case to demand a trial. Berger sought declaratory judgment, and moved for summary judgment, asking the court to hold the clause invalid and unenforceable. The circuit court found no conflict between the clause and the Florida Arbitration Code. The district court reversed, holding that a clause permitting any dissatisfied party to reject an arbitration decision is void because it contravenes the "spirit of the arbitration code and public policy as expressed in judicial opinions." We disagree.
First, we do not find that the parties agreed to binding arbitration. The contract clearly states that any award in excess of $10,000 will not be binding if either party demands a trial. Section 682.02, Florida Statutes (1985) provides that parties may include in contracts
[A] provision for the settlement by arbitration of any controversy thereafter arising between them relating to such contract or the failure or refusal to perform the whole or any part thereof. Such agreement or provision shall be valid, enforceable, and irrevocable without regard to the justiciable character of the controversy; provided that this act shall not apply to any such agreement or provision to arbitrate in which it is stipulated that this law shall not apply or to any arbitration or award thereunder.
We interpret this section to allow parties to stipulate that arbitration may not be binding.
Nor do we agree that this interpretation violates public policy. Because the statute permits nonbinding arbitration, we should not deny the right of the parties to stipulate that certain awards will not be binding. See Hallmark Industries v. Scarborough Chemicals, 409 So.2d 216 (Fla. 4th DCA 1982) (parties can agree on venue); State v. British Leyland Motors, Inc., 290 So.2d 576 (Fla. 1st DCA 1974) (the parties' right to contract should not be denied unless clearly restricted by a valid law). Both the Roes and Amica had competent counsel prior to the arbitration proceeding and no doubt were aware of the limitation clause. As both parties agreed without objection that arbitration would be subject to the limitations expressed in the contract, the Roes cannot now complain that the provision should not be given full effect.
Finally, we do not agree that such a limitation discourages settlement or is unfair. The clause allows claims of less than $10,000 to be resolved by arbitration. This provides an objective indication of the value of larger claims. We do not find the provision unfair as the Roes too could have requested a jury trial had they found an award slightly over $10,000 unsatisfactory. We have considered the remaining arguments of the parties, including those of the amicus curiae, and find them to be without merit. We hold that parties can agree not to be bound by an arbitration award without violating public policy or the arbitration code. Therefore, we affirm the judgment of the trial court.
We acknowledge conflict with the decision of the Third District in Berger v. Fireman's Fund, supra.
Affirmed.
CAMPBELL, A.C.J., and LEHAN, J., concur.
NOTES
[1] Arbitration: If we and a covered person do not agree: 1. Whether that person is legally entitled to recover damages under this Part; or 2. As to the amount of damages; either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will: 1. Pay the expenses it incurs; and 2. Bear the expenses of the third arbitrator equally. Unless both parties agree otherwise, arbitration will take place in the county in which the covered person lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to: 1. Whether the covered person is legally entitled to recover damages; and 2. The amount of damages. This applies only if the amount does not exceed the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which your covered auto is principally garaged. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding. (Emphasis supplied)