533 So.2d 279 (1988)
John S. ROE, Petitioner,
v.
AMICA MUTUAL INSURANCE CO., Respondent.
No. 71682.
Supreme Court of Florida.
October 6, 1988.
Rehearing Denied December 2, 1988.
*280 Thomas M. Ervin, Jr. and E.C. Deeno Kitchen of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, and W. James Kelly and C. Kenneth Stuart, Jr. of W. James Kelly, P.A., Lakeland, for petitioner.
Manuel J. Alvarez and Matthew R. Danahy of Mitchell, Alley, Rywant & Vessel, P.A., Tampa, for respondent.
George A. Vaka of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, amicus curiae for Nat. Ass'n. of Independent Insurers.
BARKETT, Justice.
We review Amica Mutual Insurance Co. v. Roe, 515 So.2d 1370 (Fla. 2d DCA 1987), because of conflict with Berger v. Fireman's Fund Insurance Co., 515 So.2d 997 (Fla. 3d DCA), review dismissed, 519 So.2d 987 (Fla. 1987). We have accepted jurisdiction[1] to decide whether a clause in an insurance policy authorizing either party to reject at will an arbitration award in excess of a certain sum is contrary to the Florida Arbitration Code or to public policy.
Pursuant to their insurance contract, Roe and Amica agreed to arbitrate any claim for personal injuries incurred in an accident. The arbitrators awarded Roe $225,735. The insurance contract, however, provided that either party could give notice and demand a jury trial within sixty days of the award if the arbitration award exceeded $10,000.[2] Amica so demanded. Roe ignored the demand and filed a motion in circuit court to confirm the award. The trial court denied the motion because of Amica's pending demand for a jury trial under the policy.
On appeal, the district court affirmed, holding that the policy provision authorizing Amica to reject any arbitration award in excess of $10,000 did not contravene either the Florida Arbitration Code, chapter 682, Florida Statutes (1987), or public policy. The district court then certified conflict with Berger v. Fireman's Fund Insurance Co.
The Berger court had considered a similar contractual provision, but, in contrast to the court below, held that the "provision which permits either party to repudiate the agreement if dissatisfied ... contravenes the Arbitration Code and public policy as expressed in judicial opinions and is therefore null and void." Berger, 515 So.2d at 998.
Roe concedes that parties may select certain issues and not others to submit to arbitration, and that an award would be binding only as to those issues submitted. See Pacemaker Corp. v. Euster, 357 So.2d 208, 211 (Fla. 3d DCA 1978); Frank J. Rooney, Inc. v. Charles W. Ackerman of Florida, Inc., 219 So.2d 110, 112 (Fla. 3d DCA), cert. dismissed, 230 So.2d 13 (Fla. 1969). He contends, however, that the issue of damages with respect to amount cannot be so divided and parties must arbitrate total damages or none at all. We are not persuaded by the logic or the law submitted in support of this view.
*281 Under Florida law, as Roe correctly notes, arbitration is a favored means of dispute resolution and courts indulge every reasonable presumption to uphold proceedings resulting in an award. Beach Resorts Int'l, Inc. v. Clarmac Marine Constr. Co., 339 So.2d 689, 690 (Fla. 2d DCA 1976). This maxim, however, lends no support to Roe's position, for its application presupposes that the parties have agreed to binding arbitration. That is not the case here. The parties specifically declined to be bound by any award exceeding the specified limit. Moreover, rather than offending public policy, Florida law specifically authorizes the parties to agree as they have.
Section 682.02, Florida Statutes (1987), provides in pertinent part that an agreement to arbitrate
shall be valid, enforceable, and irrevocable without regard to the justiciable character of the controversy; provided that this act shall not apply to any such agreement or provision to arbitrate in which it is stipulated that this law shall not apply or to any arbitration or award thereunder.

(Emphasis added.) Thus, this section gives the parties the prerogative of rejecting the application of the Florida Arbitration Code. That is precisely what occurred in this case as to any award exceeding $10,000. The parties simply agreed to binding arbitration as to any award up to $10,000 and to nonbinding arbitration as to any award exceeding that limit. We fail to discern any logical reason which would or should prohibit such an agreement. Nor do we find merit in Roe's assertions that any stipulation to exempt the statute's application must be accomplished by specifically tracking the language of the statute or that rejection of the Code must apply to the entire agreement or not at all.
Finally, we find no public policy which would be adversely affected by validating the challenged provision. Roe's characterization of that provision as an "escape clause" which Amica unilaterally can exercise unfairly represents the parties' agreement. The option of rejection is equally available to both parties. Just as Amica invoked the provision in this case, Roe could have requested a jury trial had he found an award only slightly over $10,000, unsatisfactory. Moreover, as Roe concedes, arbitration is a desirable option and should be encouraged. The district court aptly noted that the contract provision at issue at least resolves claims of less than $10,000 and provides an objective indication of the value of larger claims, making the settlement process easier. Roe, 515 So.2d at 1372.
For the foregoing reasons, we find that the arbitration provision at issue here complies both with the intent and requirements of section 682.02, Florida Statutes (1987), and offends no public policy. The opinion of the district court is approved, and Berger v. Fireman's Fund Insurance Co. is disapproved to the extent it conflicts.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const.
[2] The contractual provision in question provided as follows:

ARBITRATION If we and a covered person do not agree:
1. Whether that person is legally entitled to recover damages under this Part; or
2. As to the amount of damages; either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third... . A decision agreed to by two of the arbitrators will be binding as to:
1. Whether the covered person is legally entitled to recover damages; and
2. The amount of damages. This applies only if the amount does not exceed the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which your covered auto is principally garaged. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.
(Emphasis added.) The minimum limit for bodily injury liability specified by the financial responsibility law is $10,000. § 324.021(7)(a), Fla. Stat. (1987).