TRUPP, Appellant, et al.,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., Appellee.

[Cite as *Trupp v. State Farm Mut. Auto. Ins. Co.* (1989), 62 Ohio App.3d 333.]

Court of Appeals of Ohio,
Montgomery County.

No. 11129.

Decided Feb. 3, 1989.

*James J. Fullenkamp,* for appellant.

*Anthony R. Kidd,* for appellee.

FAIN, Judge.

This appeal concerns a provision in a policy of uninsured/underinsured motorist insurance that provides that an arbitration award not exceeding the limits of the financial responsibility law—R.C. 3937.18(A)—is binding upon both parties, but an arbitration award in excess of those limits is appealable *de novo* by either party. We agree with plaintiff-appellant, Carl Trupp, that that provision is unconscionable because, in cases in which the insured's realistic expectation is an award in excess of the financial responsibility law limits, but the insurer's realistic expectation is an award below those limits, a victory for the insurer at arbitration will be conclusive, but a victory for the insured will be subject to an appeal *de novo.* However, we conclude that, by reason of the public policy in favor of binding arbitration as an inexpensive method of dispute resolution, the proper remedy for the unconscionability inherent in the insurance policy provision is to enforce the provision for binding arbitration, but to decline to enforce the provision for an appeal *de novo* in the event that the arbitration award should exceed the financial responsibility law limits. Since the arbitration award in this case did not exceed those limits, the trial court properly dismissed Trupp's action for a declaratory judgment declaring the law to be that he was entitled to appeal from the award *de novo.* Accordingly, the judgment of the trial court will be affirmed.

## I

On September 6, 1986, Trupp was operating a motorcycle on Troy Street in Dayton, Ohio. An automobile being driven by an uninsured motorist collided with Trupp's motorcycle. Trupp sustained injuries as a result of the collision. Subsequently, Trupp filed a claim under the uninsured motorist provision of his automobile insurance policy, issued by defendant-appellee, State Farm Mutual Automobile Insurance Company ("State Farm").

The uninsured motorist provision of Trupp's policy provided that if the parties were unable to arrive at an agreement regarding liability and damages, then the matter should "be decided by the American Arbitration Association, unless [the parties] object." Trupp's policy further provided that:

"Regardless of the method of arbitration used, any award not exceeding the limits of the Financial Responsibility law of Ohio shall be binding on either party. When any award exceeds these limits, either party has a right to trial on all issues in the proper court. This right to trial must be exercised within 60 days of the award. Costs, including attorneys fees shall be paid by the party incurring them."

The parties were unable to reach an agreement on the issue of damages. Therefore, the matter proceeded to arbitration. The outcome of the arbitration was that Trupp was awarded $10,000 in damages, reduced by fifty per cent for Trupp's comparative negligence, for a total award of $5,000.

Trupp filed this action for a declaratory judgment against State Farm. In his complaint, Trupp sought, among other things, a declaration that the binding arbitration provision in his insurance policy was improper, unconscionable, and unenforceable; an order that he be allowed to proceed to trial on all issues regarding damages; and compensatory damages in the amount of $100,000.

The trial court dismissed Trupp's complaint, holding that the arbitration award should stand, and that the policy's binding arbitration provision was not unconscionable. From this decision, Trupp appeals.

## II

Trupp's sole assignment of error is as follows:

"The trial court erred in upholding the contractual provision which determines that arbitration awards under the financial responsibility limit of the state of Ohio are binding, whereby arbitration awards over the financial responsibility limit of Ohio may be appealed by both parties, in that such a provision is unconscionable and denies appellant equal contractual rights as the appellee."

In essence, Trupp is arguing that that portion of the insurance policy's arbitration provision providing for binding arbitration where the arbitration award is less than Ohio's financial responsibility limit,[1] but for the right to a

---

1. R.C. 3937.18(A), the Ohio uninsured motorist statute, requires a minimum uninsured motorists coverage of $12,500 per person and $25,000 per accident through incorporation by reference of R.C. 4509.20(A).

trial *de novo* where the arbitration award exceeds the financial responsibility limit, is unconscionable and unenforceable.

Besides contending that the policy's arbitration provisions are "reasonable, valid, and not unconscionable," State Farm argues that Trupp waived his right to contest the policy's arbitration provisions when he proceeded through arbitration without contesting the validity of the provisions during the course of the arbitration process.

A

■ State Farm cites three cases in support of its "waiver" argument. The first case is *Garber v. Allstate Ins. Co.* (Mar. 28, 1986), Montgomery C.P. No. 85–2636, unreported, affirmed (Dec. 24, 1986), Montgomery App. No. 9868, unreported, 1986 WL 15304.

In *Garber,* the trial court was asked to determine the binding effect of an arbitration award made pursuant to an arbitration provision identical to the provision at issue in the case before us. The insured argued that the arbitration provision was invalid because there was a lack of mutuality of consideration. The trial court rejected this argument and stated that "[e]ven if there were no mutuality of consideration, [the insured] waived his right to challenge the arbitration provision's validity when he participated in the arbitration proceeding without raising the issue."

However, the court in *Garber* ultimately held that the language contained in the arbitration provision was ambiguously drafted and was to be construed in favor of the insured and against the insurance company.

The comments made by the trial court regarding "mutuality of consideration" and "waiver" were made in passing and were not incorporated into its holding. Therefore, since those comments were merely dicta, they have no bearing on the outcome of the case now before us.

Moreover, even though this court affirmed *Garber* on appeal, the issue of waiver was not presented for our consideration at that time. Therefore, the *Garber* case is not controlling authority for our decision on the waiver issue in the case now before us.

The second case cited by State Farm is *Dressler v. Peter Kiewit Sons' Co.* (1957), 102 Ohio App. 503, 3 O.O.2d 48, 144 N.E.2d 269. In *Dressler,* the plaintiff proceeded through arbitration as provided for by contract and, after an adverse award, filed suit in the court of common pleas challenging the entire contractual arbitration provision as illegal and unenforceable. The court held that the plaintiff was bound by such provision of the contract and

could not, after receiving an adverse decision in the arbitration proceedings, resort to a court of law to have his rights under the contract determined.

State Farm argues that, just like the plaintiff in *Dressler*, Trupp has proceeded through arbitration as provided for by contract, and now, after receiving an adverse award, wants to challenge the validity of the arbitration provision in the court of common pleas. State Farm further argues that Trupp, having proceeded through arbitration without having contested the validity of the arbitration provisions, has consented to the terms of the provisions and has waived any challenge to their validity. We disagree.

In *Dressler*, the plaintiff proceeded through arbitration without complaint. However, once the plaintiff received an adverse award from the arbitration process, he filed suit in the court of common pleas challenging the validity of the process to which he had just consented. We agree with the court in *Dressler* that permitting a plaintiff to take "two bites at the apple" would be unfair to those opposing him in the arbitration proceeding.

That is not the situation in the case before us. It is true that Trupp proceeded through arbitration without complaint. It is also true that Trupp, after receiving what he believed to be an adverse award, now challenges the validity of the provision in his insurance policy dealing with the effect of that award. However, Trupp is not making the same argument as the plaintiff in *Dressler*. Trupp does not challenge the validity or fairness of the arbitration process itself; instead Trupp challenges that part of the policy that provides that any award not exceeding the state's financial responsibility law shall be binding, while any award that exceeds those limits may be appealed by either party to the proper court, for a trial *de novo*. Trupp does not dispute that he was required to submit the matter for arbitration, nor is he challenging the arbitration process. He is challenging the contractual provision for the *effect* of the arbitration award after the conclusion of the arbitration. Therefore, the *Dressler* holding does not apply, and Trupp has not waived his claim of unconscionability.

The third case cited by State Farm is *Campbell v. Automatic Die & Products Co.* (1954), 162 Ohio St. 321, 55 O.O. 195, 123 N.E.2d 401. In *Campbell*, the defendant proceeded through arbitration as provided for by contract. Well into the arbitration process, the defendant made the claim that the contract was illegal and unenforceable (on grounds not related to the arbitration provisions). The arbitrators determined that the defendant's claim of illegality came too late, and that it was then estopped from successfully raising that issue.

State Farm contends that the factual setting in *Campbell* is analogous to the facts in the case before us. Again, we disagree. Trupp is not contending

that the entire contract of insurance was unenforceable; only its provisions relating to the effect of the arbitration award. Therefore, Trupp's unconscionability argument has not been waived.

B

■ State Farm contends that the arbitration provisions in Trupp's insurance policy are reasonable, valid, and not unconscionable. In support of its position, State Farm cites: (1) R.C. 1302.15 (UCC 2–302), Official Comment (contractual clause "unconscionable" only where it is so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract); (2) *Motorists Mut. Ins. Company v. Badr Said* (Sept. 13, 1987), Cuyahoga App. No. 52700, unreported, 1987 WL 16532 (court expressly found binding arbitration provision identical to the one at issue in the case now before us not unconscionable); and (3) R.C. 2711.01 (contractual arbitration provision agreed upon by the parties shall be valid, irrevocable and enforceable, except upon such grounds as exist in law or in equity for the revocation of any contract). We conclude that the provision found in Trupp's insurance policy relating to the effect of an arbitration award is unconscionable and unenforceable.

At oral argument, State Farm conceded that a provision permitting the insurer, but not the insured, to appeal from an arbitration award and obtain a trial *de novo* would be unconscionable, and we find this concession to be proper. As every schoolchild quickly learns, there is something terribly unfair about the proposition: "Heads, I win; tails, we go two out of three."

The same fundamental unfairness that State Farm appropriately concedes to be present in a provision that permits one side, but not the other, to appeal *de novo,* is presented by the policy provision in this case whenever the insured has a realistic expectation of an award in excess of $12,500, but the insurer has a realistic expectation of an award of less than $12,500.

Where the reasonable expectations of both the insured and the insurer lie under $12,500, the policy provision in this case is fair to both parties—neither can appeal an adverse result. Similarly, where the realistic expectations of both parties exceed $12,500, it is fair because both parties can appeal an adverse result. However, when the insured's realistic expectation exceeds $12,500, but the insurer's realistic expectation is that any award will not exceed $12,500, the provision is subject to the same fundamental unfairness

that State Farm concedes to be unconscionable—the result is final and binding if the insurer wins, but is subject to an appeal *de novo* if the insurer loses.[2]

Our conclusion that the insurance provision in the case before us is unconscionable finds support in a concurring opinion written by Justice Sweeney in *Nationwide Mut. Ins. Co. v. Marsh* (1984), 15 Ohio St.3d 107, 110–111, 15 OBR 261, 263–264, 472 N.E.2d 1061, 1063–1064. Although the majority opinion found it unnecessary to pass upon the conscionability of an identical provision, Justice Sweeney opined that the validity of the provision was the central issue before the court. Citing three reasons, Justice Sweeney concluded that the provision was unenforceable because it was either unconscionable or in contravention of public policy.

The first problem that Justice Sweeney found with the provision was that its "facial equality" was not true equality. Both parties are bound only by low awards. Justice Sweeney said:

" * * * High awards can be avoided by either the insured or * * * [the insurer], but it is unlikely that an insured would ever seek to avoid a high award, even if he was unsatisfied with it, because by avoiding the award and seeking a trial the insured would incur additional legal expense while also placing at risk the entire award that he already has received." *Id.* at 110, 15 OBR at 263, 472 N.E.2d at 1063.

The second problem is that the real effect of the provision is to give the insurer the power to avoid high arbitration awards, regardless of whether those awards are fair and just. Justice Sweeney concluded that the binding arbitration provision makes known to insureds that the insurer "has a policy of appealing from arbitration awards in favor of insureds or claimants for the purpose of compelling them to accept settlement or compromises less than the amount awarded in arbitration." Justice Sweeney found such a policy to be in "direct violation of Ohio Adm.Code 3901–1–07(C)(8)." *Id.* at 111, 15 OBR at 264, 472 N.E.2d at 1063–1064.

The third problem with the provision is that it runs counter to the Supreme Court's holding in *State, ex rel. Adams, v. Gusweiler* (1972), 30 Ohio St.2d 326, 59 O.O.2d 387, 285 N.E.2d 22, that parties cannot agree to "binding"

---

2. We reject any approach to this issue that would require a trial court to determine where the realistic expectations of the parties lie in the particular case before it, so as to determine whether the provision is unconscionable as applied in that case. Such an approach would impose one whole additional stage of litigation in every case, in which the general issues involving liability and damages would have to be tried simply as a predicate to the determination of whether the subsequent arbitration of the matter could be appealed *de novo*. The result would often be *three* trials of the general issue: (i) the trial to determine whether the arbitration award would be appealable *de novo;* (ii) the arbitration trial; and (iii) the trial *de novo* following a non-binding arbitration—a juridical nightmare!

arbitration and later seek to treat such arbitration as "non-binding." Justice Sweeney said in his concurring opinion in *Marsh, supra,* that the insurer "agreed to 'binding' arbitration so long as the amount of the arbitrator's award is $12,500 or less. Upon an award of $12,501, however, * * * [the insurer] can suddenly treat the *entire* award, even that amount below $12,500, as being 'non-binding.'" *Id.,* 115 Ohio St.3d at 111, 15 OBR at 264, 472 N.E.2d at 1064. According to Justice Sweeney, this provision is "directly contrary" to Ohio's strong public policy in favor of final and binding arbitration. The arbitration provision allows an insurer to "have its cake and eat it too." *Id.* at 111, 15 OBR at 264, 472 N.E.2d at 1064.

Courts in other jurisdictions have addressed the issue of the enforceability of the arbitration provision presented in the case now before us and have found the provision to be unenforceable, albeit for different reasons. In *Schmidt v. Midwest Family Mut. Ins. Co.* (Minn.1988), 426 N.W.2d 870, the Supreme Court of Minnesota held that a clause in an uninsured motorist endorsement to an automobile insurance policy that permitted an insurer to demand a trial *de novo* if an arbitration award exceeded a designated amount violated the state's public policy favoring the use of arbitration to resolve disputes between contracting parties, and was, therefore, unenforceable. The court held that even though the arbitrators' award exceeded the designated amount, it should be binding on the parties.

In *Berger v. Fireman's Fund Ins. Co.* (Fla.App.1987), 515 So.2d 997, the Third District Court of Appeals of Florida likewise held that an arbitration provision in an automobile insurance policy that permitted either the insurance company or the insured to demand a trial if dissatisfied with an award over a certain amount contravened the arbitration code and public policy. However, in *Berger* the court's remedy was to hold the entire arbitration provision to be void, thus requiring that all claims be litigated, without any resort to arbitration.

Neither in *Schmidt, supra,* nor in *Berger, supra,* did the court address the issue of whether the differential provision for appealability *de novo* of an arbitration award, as a function of the amount of the award, was fundamentally unfair to the insured.

Other courts have heard cases involving identical binding arbitration provisions, but for one reason or another have failed to address the issue of the enforceability of the clause. See *Reichel v. Government Employees Ins. Co.* (1985), 107 App.Div.2d 463, 487 N.Y.S.2d 99 (court did not rule on validity of binding arbitration clause because insured did not, for some reason, elect to challenge its validity); *Lysholm v. Liberty Mut. Ins. Co.* (Minn.App.1987), 404 N.W.2d 19 (court recognized "serious policy considerations" surrounding

binding arbitration clause but did not rule on such issue as insured waived argument on appeal); *Hiller v. Allstate Ins. Co.* (1982), 300 Pa.Super. 149, 446 A.2d 273 (court called binding arbitration provision "unusual" but did not intimate an opinion regarding the validity of the clause because the issue was not before it).

## III

For all the reasons set forth in Part II, above, we agree with Trupp that the provision in his insurance policy that an arbitration award exceeding $12,500 in amount may be appealed by either party *de novo*, but that an arbitration award not exceeding $12,500 in amount shall be final and binding upon both parties, is so fundamentally unfair as to be unconscionable.

That does not end our inquiry, however.

"If a contract or term thereof is unconscionable at the time the contract is made a court may refuse to enforce the contract, or may enforce the remainder of the contract without the unconscionable term, or may so limit the application of any unconscionable term as to avoid any unconscionable result." Restatement of the Law 2d, Contracts (1981) 107, Section 208.

We can think of at least four ways, consistently with the foregoing, of remedying the unconscionable provision in this case:

(i) Refusing to recognize the arbitration provision in its entirety, so that neither party can require that a claim be submitted to arbitration;

(ii) Refusing to recognize the provision that the arbitration award shall be binding if it does not exceed $12,500, with the result that all arbitration awards shall be appealable *de novo;*

(iii) Refusing to recognize the provision that the arbitration award shall be appealable *de novo* if it exceeds $12,500 in amount, with the result that all arbitration awards shall be binding; or

(iv) Permitting an insured to appeal an arbitration award *de novo* even if it does not exceed $12,500 in amount, but not permitting an insurer to appeal an arbitration award *de novo* even if it does exceed $12,500 in amount.

The fourth approach would visit the very same unfairness upon the insurer that Trupp complains of, except that that unfairness would be even more direct because the result would be simply that the insured, but not the insurer, would be permitted to appeal *de novo* from an arbitration award. Other than serving to punish the drafter of a contract containing an unconscionable provision—a method of treating unconscionability problems for which we have found no authority—this approach would seem to have little to recommend it.

Both the first and second approaches set out above run afoul of Ohio's public policy in favor of encouraging the use of binding arbitration. *Brennan v. Brennan* (1955), 164 Ohio St. 29, 57 O.O. 71, 128 N.E.2d 89, first paragraph of syllabus; *Dayton Classroom Teachers Assn. v. Bd. of Edn.* (1975), 41 Ohio St.2d 127, 133, 70 O.O.2d 223, 226, 323 N.E.2d 714, 718.

■ The third approach, rather than conflicting with Ohio's public policy in favor of encouraging the use of binding arbitration, actually is supported by that public policy, since the result is to expand the number of instances in which binding arbitration may be resorted to. In accord with Ohio's public policy in favor of encouraging the use of binding arbitration, see *Schmidt v. Midwest Family Mut. Ins. Co., supra;* and *Berger v. Fireman's Fund Ins. Co., supra.*

In accordance with our conclusion that in choosing from among alternative resolutions of the problem presented by the provision found by us in this case to be unconscionable, we should choose the resolution that best serves Ohio's public policy in favor of encouraging the use of binding arbitration, we hold that that part of the provision in this case that purports to permit either party to appeal and obtain a trial *de novo* where an arbitration award exceeds a certain amount is unconscionable and may not be enforced by either party. That part of the provision that purports to bind both parties to an arbitration award not exceeding a certain amount is not unconscionable, and may be enforced.

Since Trupp sought to escape the effect of that part of the provision that purported to bind him to an arbitration award not exceeding $12,500, we hold that the trial court correctly declined to grant him the declaratory judgment he sought.

Trupp's sole assignment of error is overruled.

## IV

Trupp's sole assignment of error having been overruled, the judgment of the trial court will be affirmed.

*Judgment affirmed.*

BROGAN, J., concurs.

WILSON, J., concurs in judgment only.