304 So.2d 116 (1974)
Josefina DE LA PORTILLA, Petitioner,
v.
Rafael DE LA PORTILLA and Miriam Mulkay, Respondents.
No. 45071.
Supreme Court of Florida.
November 27, 1974.
*117 Dana P. Brigham of Brigham & Brigham, Miami, for petitioner.
Seymour M. Litman, P.A. Miami, and Marvin D. Michaels, Miami, for respondents.
BOYD, Justice.
Certiorari was granted in this cause to review a per curiam affirmance (without opinion) entered by the District Court of Appeal, Third District, and reported at 289 So.2d 792. Our jurisdiction is invoked on the ground of direct conflict[1] with the opinions of this Court in Willey v. W.J. Hoggson Corporation,[2] and Moody v. Volusia County.[3]
This cause arose out of a dissolution of marriage action brought by Respondent, in which he alleged that the marriage between himself and Petitioner was irretrievably broken. Petitioner raised in her answer the defense of unclean hands; additionally, she filed a counterclaim and a third party complaint, treated as part of the counterclaim, against her husband and his alleged paramour for alienation of affections. Respondent moved to strike both the Petitioner's counterclaim and her affirmative defense of unclean hands. A hearing was held and on August 3, 1973, the trial court entered an order granting the husband's motions; from this order Petitioner filed her initial interlocutory appeal on September 4, 1973. Petitioner moved for supersedeas or stay, but such motion was denied by an undated order of the trial judge. On October 5, 1973, the lower court entered an order modifying that prior undated order (which it indicated was rendered September 14, 1973); in its order of October 5, the court stated that the interlocutory appeal did not affect its jurisdiction to proceed with final hearing on the merits, which it rescheduled for December 10, 1973. On October 12, 1973, Petitioner filed her second interlocutory appeal, this time from the order of October 5. On October 17, 1973, Petitioner's previously filed motion for stay in her first interlocutory appeal was denied by the District Court. Thereafter, on October 22, 1973, Petitioner filed a motion for stay in her second interlocutory appeal, which motion was denied by the District Court on October 25, 1973. Petitioner filed her petition for certiorari in this Court from this denial, which petition (#44,681) was denied on May 28, 1974.[4] On November 27, 1973, the District Court affirmed the August 3, 1973 order attacked in Petitioner's first interlocutory appeal.[5] On December 10, 1973, the trial judge conducted the scheduled final hearing and entered a Final Judgment of Divorce (i.e., Judgment of Dissolution of Marriage). Not until December 12, 1973, did Petitioner file her petition for rehearing in the District Court; that petition was denied on January 21, 1974, whereupon the opinion of November 27, 1973 became final.[6] From this *118 opinion, Petitioner filed (1) her petition for certiorari (#45,058) with this Court, which was denied;[7] and (2) her appeal (#45,105) which is presently pending. In the meantime, on January 22, 1974, the District Court affirmed, without opinion,[8] the order entered by the trial judge on October 5, 1973, from which affirmance the instant petition was brought.
It has long been held that where an appeal is duly taken, whether with or without supersedeas, jurisdiction of the cause is transferred to the appellate court, thereby depriving the trial court of the power to finally dispose of the cause by dismissal or otherwise. Willey v. W.J. Hoggson Corporation, supra; Moody v. Volusia County, supra. Even though the Petitioner herein filed a timely appeal, the trial court proceeded to schedule a final hearing disposing of the litigation. Furthermore, the final hearing was held, and judgment entered thereon, before the Petitioner's appellate review had expired by the denial of rehearing by the District Court and the denial of certiorari by this Court. Since the legal effect of the District Court's per curiam affirmance is to create conflict with Willey v. W.J. Hoggson Corporation and Moody v. Volusia County, it is quashed.
At the final hearing, the trial court excluded testimony as to the affirmative defense and counterclaim. Subsequently, the order striking the wife's affirmative defense and counterclaim was affirmed. Even though the final hearing was improperly held, the issues which had been struck from the answer were later found to have been properly excluded. It would be futile to have both spouses brought before the trial judge for another final hearing involving the same issues that were heard at the final hearing from which the Final Judgment of Divorce was entered.
Nothing herein should give solace to a spiteful spouse whose only motive for taking the interlocutory appeal is to increase the other spouse's expenses or prolong the date from which the other spouse would be free from the matrimonial bonds. Even if such were the motives of the Petitioner, which we do not believe to be the case, proper remedies are available to prevent a frivolous appeal or an appeal designed only for the purpose of delay. See Rule 3.9(b), Rule 4.2(c), Florida Appellate Rules, 32 F.S.A.
After the entry of the Final Judgment of Divorce Petitioner timely filed objections thereto as well as a "Petition for Hearing". The petition should be treated as a petition for rehearing, and if not found to be meritorious, the bonds of marriage will stand dissolved. Accordingly, the order appealed from is reversed and the cause is remanded for further proceedings consistent with this opinion.
It is so ordered.
ADKINS, C.J., and McCAIN and OVERTON, JJ., concur.
DEKLE, J., concurs in the judgment only.
NOTES
[1] Article V, Section 3(b)(3), Florida Constitution; Foley v. Weaver Drugs, Inc., 177 So.2d 221 at 225 (Fla. 1965).
[2] 89 Fla. 446, 105 So. 126 (1925).
[3] 90 Fla. 864, 107 So. 185 (1925).
[4] 295 So.2d 629 (Fla. 1974).
[5] 287 So.2d 345 (Fla.App. 1974).
[6] Id.
[7] 295 So.2d 304 (Fla. 1974).
[8] 289 So.2d 792 (Fla.App. 1974).