309 So.2d 47 (1975)
Moe HIRSCH, Appellant,
v.
Fay HIRSCH, Appellee.
No. 74-1348.
District Court of Appeal of Florida, Third District.
February 18, 1975.
Rehearing Denied March 19, 1975.
*48 Haves & Teller, Miami, for appellant.
Abbott, Frumkes & Alhadeff, Miami Beach, for appellee.
Before BARKDULL, C.J., NATHAN, J., and CHARLES CARROLL (Ret.), Associate Judge.
NATHAN, Judge.
This is an interlocutory appeal by the husband challenging an order of the trial court granting temporary attorney's fees to the wife and striking all of the husband's pleadings. We are entertaining this cause on interlocutory appeal for the third time.
A detailed recitation of the facts is unnecessary. Suffice it to say, this case concerns a settlement agreement entered into by the husband and the wife in New York in 1968. The parties were subsequently divorced, *49 and both parties are now Florida residents. The agreement contains a provision that: "All matters affecting the interpretation of this agreement and of the rights of the parties hereunder shall be governed by the laws of the State of New York."
In April of 1973, the wife filed a complaint in circuit court in Dade County, Florida, for modification of the agreement. On February 8, 1974, an order was entered granting to the wife temporary alimony in addition to the amount of the husband's payments to her pursuant to the agreement. The husband filed an interlocutory appeal and the order was affirmed.[1] Thereafter, on June 5, 1974, the court entered an order to compel the husband to comply with a notice to produce, whereupon the husband filed his second interlocutory appeal. This order was not superseded. On appeal it was affirmed.[2]
On July 1, 1974, the husband instituted legal proceedings against the wife in New York, alleging that her action in Florida caused him damage. The wife then filed a motion in the Dade County Circuit Court to enjoin the husband from continuing the New York action. The court entered an order on the motion on August 27, 1974, which was during the pendency of the second interlocutory appeal, in which the court determined that the purpose of the New York action was to harass the wife, but that it was without jurisdiction to enjoin the husband from pursuing such litigation in New York. The order further struck all of the husband's pleadings for failure to produce pursuant to Rule 1.380(b), RCP, and awarded temporary attorney's fees to the wife. This order is the subject matter of the instant appeal.
The husband contends that the court erred in awarding temporary attorney's fees to the wife and in striking all of his pleadings because of the pending interlocutory appeal and because the court lacked jurisdiction over the subject matter of this entire cause ab initio in that it concerns a separation agreement entered into in the State of New York.
The wife contends that the court was correct in its actions because it does have jurisdiction to modify a separation agreement entered into in New York where both spouses are now Florida residents. In addition, she cross-appeals, citing as error the court's determination that it lacked jurisdiction to enjoin the husband from proceeding further in his New York action.
As to the wife's cross-appeal, we find that the court had jurisdiction to enjoin the husband from proceeding further in the New York action, but we find no abuse of discretion in his choosing not to enjoin the husband from pursuing the remedies which he might desire in the courts of New York.
The question of whether a Florida court has jurisdiction over the subject matter of a New York separation agreement is answered by a review of § 61.14, Fla. Stat., which provides in pertinent part that modification of agreements in connection with an action for dissolution or separate maintenance or in connection with any voluntary property settlement, where (as in this instance) the parties, or either of them, are resident of the State of Florida, may be made upon application to the circuit court.
Having determined then, that the court does have jurisdiction to modify the subject agreement, we acknowledge that clause in the separation agreement wherein the parties have agreed to be governed by the laws of the State of New York on matters affecting the said agreement. The principle is well established that when the parties to a contract have indicated their intention as to the law which is to govern *50 the contract, then it will be governed by such law in accordance with the intent of the parties. 15A CJS Conflict of Laws § 11(4); 6 Fla.Jur., Conflict of Laws § 11. In accord therewith, the trial court shall apply the appropriate New York law when considering the standards applicable if different from those of Florida.
The final issues for determination are the trial court's striking of all of the husband's pleadings for failure to comply with the trial court's order to produce pursuant to Rule 1.380(b) RCP, and awarding temporary attorney's fees to the wife. The posture of this case, therefore, presents the question whether the trial court had authority to proceed in this cause and to enter the order herein appealed while this court was considering an interlocutory appeal relating to the same subject matter.
The function and purpose of a supersedeas is, generally, to stay further judicial proceedings in the trial court, to restore or preserve the status quo or to stay execution of an order or judgment. Willey v. W.J. Hoggson Corporation, 1925, 89 Fla. 446, 105 So. 126. Where no supersedeas is obtained, the trial court may, in an interlocutory appeal, proceed with further judicial proceedings, even as to the subject matter on appeal, unless it is shown that subsequent proceedings in the trial court interfere with the power of the appellate court to make its jurisdiction effective. Willey, supra.; Thursby v. Stewart, 1931, 103 Fla. 990, 138 So. 742; Buck Plumbing v. Bel-Aire, Inc., Fla.App. 1958, 103 So.2d 670; De La Portilla v. De La Portilla, Fla. 1974, 304 So.2d 116. Thus, for example, where no supersedeas is obtained, the trial court has no authority or power to finally dispose of a cause by dismissal or otherwise when an interlocutory appeal is properly taken. Willey, supra.; Thursby, supra.; De La Portilla, supra. Failure to apply the above principles of law as to the effect of an interlocutory appeal without supersedeas would destroy the purpose and efficacy of obtaining such supersedeas.
The issue, then, in the case sub judice is whether the order of August 27, 1974, striking all the pleadings of the husband for failure to comply with the motion to produce and also awarding attorneys fees interfered with or impaired the jurisdiction of this court. We think not. Had the order of June 5, 1974, then on appeal, been reversed, the pleadings of the husband would have been reinstated. To permit a party to willfully ignore or violate a court order by interlocutory appeal without supersedeas would strip the trial court of its ability and power to enforce its orders pendente lite. While the trial court had the authority to enter the order of August 27, 1974, we are of the opinion that in light of the indefinite posture of the law as to the effect of an interlocutory appeal without supersedeas during the pendency of this litigation,[3] the portion of such order striking the husband's pleadings is reversed and remanded to the trial court for further consideration as to the willfulness of the husband's violation of such trial court's order. That portion of the trial court's order of August 27, 1974, relating to the award of temporary attorney's fees was within the province of the trial court to award although this court is not now passing on the merits of such award.
Affirmed in part and reversed in part with directions.
NOTES
[1] Hirsch v. Hirsch, Fla.App. 1974, 296 So.2d 662.
[2] Hirsch v. Hirsch, Fla.App. 1974, 307 So.2d 265, opinion filed December 31, 1974.
[3] De La Portilla, supra.