327 So.2d 879 (1976)
Jack STEWART and Flora Stewart, Appellants,
v.
Sheldon GOLDING et al., Appellees.
No. 75-1238.
District Court of Appeal of Florida, Third District.
February 24, 1976.
Shalle Stephen Fine, Miami, for appellants.
Richard L. Wagenheim, Fort Lauderdale, for appellees.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
The defendants appeal an order of the trial court denying their motion to dismiss *880 the complaint in an action in which the plaintiff claimed the right to possession of a condominium. Appellants contend that the court erred in denying the motion, which simply stated that the complaint "fails to state a cause of action and a claim upon which relief can be granted." Reviewing the complaint in the light of the bare bones motion to dismiss, we find that no error has been demonstrated in the order denying the motion to dismiss. See RCP 1.100(b).
Appellants have filed a motion for stay of proceedings in the trial court. From the record submitted therewith, it is apparent that the trial judge has proceeded to a final judgment in this cause during the time jurisdiction of the matters covered by the interlocutory appeal was in this court. Accordingly, we hold that the trial court was without jurisdiction to proceed to final judgment while the question of the sufficiency of the complaint to withstand a motion to dismiss was pending in this court. See De La Portilla v. De La Portilla, Fla. 1974, 304 So.2d 116. Therefore, this cause will be remanded with directions to enter an order striking the final judgment heretofore entered in this cause.
It is also apparent from the record submitted that a default has been entered against the appellants for their failure to plead to the complaint as required by the order denying their motion to dismiss. Appellants urge that the entry of the default is beyond the power of the trial court inasmuch as they had appealed the order requiring them to plead. This position is not well-taken because the trial court has the right to proceed in a suit even though an interlocutory appeal has been taken to test the correctness of an interlocutory order. See Hirsch v. Hirsch, Fla.App. 1975, 309 So.2d 47; and see FAR 5.1.
Therefore, the order appealed is affirmed and the cause remanded with directions to strike the final judgment entered by the trial court during the pendency of this cause and to proceed regularly upon the default heretofore entered.
Affirmed in part and remanded with directions.