BOYER, Acting Chief Judge,
concurring in part and dissenting in part.
I concur that the circuit court had no jurisdiction to enter its final order while the interlocutory appeal was pending in this court. (De La Portilla v. De La Portilla, 304 So.2d 116 (Fla.1974)) I therefore concur in reversal, but on that ground only. . In my view, had the learned trial judge had jurisdiction at the time the final judgment here appealed was entered he would have been imminently correct on the merits.
As recited in the majority opinion, the relief sought through the grievance procedure was that:
“John Ferrigno be recommended for a teaching position at the Alternative Learning Center for the 1976-77 school year.
“The removal of the letter not recommending his return for the 1976-77 school year and other the other (sic) information related directly to the letter.”
That relief was not and is not available via arbitration. Accordingly, using the language of School Committee of Danvers v. Tyman, 360 N.E.2d 877 (Mass.1977), relied upon by the majority, “no lawful relief conceivably can be awarded by the arbitrator.”
Appellant Ferrigno was a probationary employee. His contract specifically provided, as acknowledged by the majority, that “no legal cause shall be required of the School Board in the event that the teacher is not reemployed by the School Board after June 16,1976.” The entire thrust of appellants’ position is that in the absence of a showing of just cause or good cause it was incumbent upon the School Board to renew Ferrigno’s contract. That contention is in direct conflict with the contract itself.
Good cause need not be shown for failure to renew a contract between a School Board and a probationary non-tenured employee, unless specifically so provided by a contract pursuant to a law allowing such a provision. If the contrary were true then probationary status and tenure would be rendered a nullity, because there would be no difference.