408 So.2d 627 (1981)
The DEPARTMENT OF MOTOR VEHICLES of the state of Florida, for the Use and Benefit of FIFTH AVENUE MOTORS, LTD., a Florida Corporation, d/b/a International Motor Cars, Ltd. and Dwayne Hawkins, an Individual; Fifth Avenue Motors, Ltd., a Florida Corporation, d/b/a International Motor Cars, Ltd.; Dwayne Hawkins, an Individual,Appellants,
v.
MERCEDES-BENZ OF NORTH AMERICA, INC., a Delaware Corporation, Appellee.
No. 81-420.
District Court of Appeal of Florida, Second District.
December 16, 1981.
*628 Joseph W. Letzer of Thomas, Taliaferro, Forman, Burr & Murray, Birmingham, Ala., Wayne Thomas of Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, Tampa, for appellants.
W.O. Birchfield and Dennis, E. Hayes of Martin, Ade, Birchfield & Johnson, Jacksonville, for appellee.
J. Robert McClure, Jr., of McClure, Wigginton & Owen, P.A., Tallahassee, for amicus curiae Fla. Auto. Dealers Association.
Walter E. Huizenga, Chief Counsel, and Rhonda P. Kurtis, Staff Atty., McLean, Va., for amicus curiae Nat. Auto. Dealers Association.
SCHOONOVER, Judge.
The appellants, plaintiffs below, appeal an order of the lower court dismissing their complaint with prejudice. We hold that the appellants have alleged a cause of action which, if proved, would require the application of New Jersey law to their attempt to transfer an automobile franchise and accordingly reverse.
*629 On September 24, 1976, the appellant, Fifth Avenue Motors Ltd, d/b/a International Motor Cars, Ltd., a Florida corporation, hereinafter referred to as "Fifth Avenue," entered into a Mercedes-Benz dealer agreement with the appellee, defendant below, Mercedes-Benz of North America, Inc., a Delaware corporation, headquartered in New Jersey, hereinafter referred to as "MBNA."
On November 1, 1978, Fifth Avenue entered into a buy-sell agreement which included a transfer of their franchise to the other appellant, Dwayne Hawkins, and notified the appellee of the intended transfer. MBNA never accepted or rejected Mr. Hawkins.
The agreement provided that it was to be governed by the laws of the state of New Jersey, the place where the contract was entered into.[1] The New Jersey Code, section 56:10-6, provided in pertinent part as follows:
The franchisor shall within 60 days after receipt of such notice either approve in writing to the franchisee such sale to proposed transferee or by written notice advise the franchisee of the unacceptability of the proposed transferee setting forth material reasons relating to the character, financial ability or business experience of the proposed transferee. If the franchisor does not reply within the specified 60 days, his approval is deemed granted.
When the appellee refused to transfer the franchise, the appellants filed suit, alleging in count I of their complaint that the agreement was governed by New Jersey law and under that law the appellee's approval of the transfer was deemed granted. The court ruled that the New Jersey law did not apply and dismissed count I with prejudice.
MBNA contends that the complaint did not allege sufficient contact with New Jersey to validate the conflict of law provision contained in the contract, New Jersey law is limited to New Jersey franchises, the provision contravenes the laws of the state of Florida and therefore should be deleted, and the terms of the agreement should control.[2]
A review of the agreement which is the subject matter of this action, together with the complaint, leads us to the conclusion that New Jersey law should be applied.
First, the parties provided in the agreement that it would be governed by the laws of the state of New Jersey. It is well established that when the parties to a contract have indicated their intention as to the law which is to govern, it will be governed by such law in accordance with the intent of the parties. Hirsch v. Hirsch, 309 So.2d 47 (Fla. 3rd DCA 1975). The language used in the contract is the best evidence of the intent of the parties at the time they entered into the contract. Boat Town USA v. Mercury Marine Division, 364 So.2d 15 (Fla. 4th DCA 1978).
In addition to the express intent of the parties, a reasonable relationship to New Jersey is shown in the agreement itself. Under the agreement, cars were ordered in New Jersey, titles remained in New Jersey prior to receipt of payment, pricing and credit terms were established in New Jersey, claims for damages were made in New Jersey, and all parts were ordered from New Jersey.
*630 Next, there is no evidence that the New Jersey legislature intended to restrict the application of this statute or to prevent its own citizen, MBNA, from making New Jersey law applicable to this contract. Since MBNA, a New Jersey resident, contracted in New Jersey to have New Jersey substantive law apply to it, it cannot now be heard to complain about the extraterritorial application of the act. Boatland, Inc. v. Brunswick Corp., 558 F.2d 818 (6th Cir.1977).
It has been held that the principle of comity does not require the courts of this state to enforce a contract according to the law where it is made if its enforcement would be in conflict with our laws and would work against our own citizens and give that nonresident an advantage which a resident has not. Walter v. Whitlock, 9 Fla. 86 (1860). Conversely, if the contract is not in conflict with our laws, and works to our citizens advantage, it may be applied.
MBNA's last contention is that the agreement itself should control. However, since the clause contravenes the New Jersey Act it must be severed by the terms of the agreement itself. On grounds of public policy, clauses in a contract which violate a statutory provision are nugatory and will not be given effect. Boatland, Inc. v. Brunswick Corp. The New Jersey statute endeavored to equalize the bargaining power between the parties and to promote fair dealing. A manufacturer will not be permitted to evade or circumvent these provisions by the use of contracts providing different methods for transferring a franchise.
The lower court also dismissed count II of the complaint after finding that section 320.643, Florida Statutes (Supp. 1980), was unconstitutional. The parties have agreed that the court intended to rule only that it is unconstitutional as applied to the parties in this case because if given retroactive application, it would impair their contract. We agree with the holding of the lower court, Yamaha Parts Distributors, Inc. v. Ehrman, 316 So.2d 557 (Fla. 1975), and accordingly affirm the dismissal of count II of the complaint.
We therefore reverse and remand for reinstatement of count I of the complaint. Since the lower court dismissed counts III and IV without prejudice based upon its rulings in connection with counts I and II, we also hold that the appellants should be allowed an opportunity to amend those counts of their complaint.
RYDER, A.C.J., and CAMPBELL, J., concur.
NOTES
[1] Paragraph seven reads as follows:

This Agreement is to be governed by, and construed according to, the laws of the State of New Jersey. It is understood, however, that it is a general form of agreement designed for use in any state; and it is therefore agreed that any provision herein contained which in any way contravenes the laws of any state or constituted authority which may apply to this Dealer Agreement shall be deemed to be deleted herefrom in accordance with the applicable provision of the accompanying Dealer Agreement Standard Provisions.
[2] The pertinent part of paragraph four provides that:

Except as may be otherwise provided in this Agreement, neither the Dealer nor the persons named above shall permit any change in the ownership or active management of the Dealer without the prior written approval of MBNA.