## ALTHOURISTE v CENTURY MEDICAL HEALTH PLAN, INC., etc.

### Case No. 90-60215 CA 23

Eleventh Judicial Circuit, Dade County

March 15, 1991

## OPINION OF THE COURT

W. THOMAS SPENCER, Circuit Judge.

### *ORDER DENYING MOTION TO STRIKE ATTORNEY FEES*

The Plaintiff's complaint alleges that the defendant Health Maintenance Organization failed to provide certain medical benefits and asks for attorney fees under the provisions of F.S. 641.28 which provides:

> "641.28 Civil Remedy.—In any civil action brought to enforce the terms and conditions of a health maintenance organization contract, the prevailing party is entitled to recover reasonable attorney's fees and court costs."

The defendant moves to strike the claim for attorney fees because the HMO contract which is appended to and made a part of the plaintiff's complaint contains a contractual waiver of attorney fees. Paragraph B Section XIV of the contract states:

"B. It is the expressed intention of the Subscriber and Century that no claim or recovery shall be allowed for attorney's fees in any claim in a court of law to enforce the provisions of this contract by either the Subscriber or Century or any interested party."

By assessing attorney fees against the losing party, F.S. 641.28 discourages groundless litigation and encourages each party to verify the validity of their position. The HMO contract defeats this legislative purpose.

"On grounds of public policy, clauses in a contract which violate a statutory provision are nugatory and will not be given effect." *Dept. of M. Veh. Etc. v Mercedes-Benz, Etc.,* 408 So.2d 627, 630 (Fla. 2d DCA 1981). ". . . an agreement which violates a statute or is contrary to public policy is illegal, void, and unenforceable as between the parties." *Bond v Koscot Interplanetary, Inc.,* 246 So.2d 631, 634 (Fla. 4th DCA 1971). Also see *Park v Wausau Underwriters Ins. Co.,* 547 So.2d 215 (Fla. 4th DCA 1989).

Paragraph B of Section XIV of the HMO contract which seeks to waive attorney fees is contrary to the provisions of F.S. 641.28 and therefore void and unenforceable.

Such invalidity does not affect the balance of the contract. The offending clause is clearly severable from the balance of the contract. ". . . a bilateral contract is severable where the illegal portion of the contract does not go to its essence, and where, with the illegal portion eliminated, there still remains of the contract valid promises on one side which are wholly supported by valid legal promises on the other." *Local No. 234, Etc. v Henley & Beckwith, Inc.,* 66 So. 818, 821 (Fla. 1953).

The defendant's Motion to Strike Attorney Fees is therefore denied.

DONE AND ORDERED in Chambers, Miami, Dade County, Florida, this 15th day of March, 1991.