597 So.2d 887 (1992)
BAYVIEW BUICK-GMC TRUCK, INC., Salhany Investments, Inc., and Florida Dept. of Highway Safety and Motor Vehicles, f/u/b/o Bayview Buick-GMC Truck, Inc., Appellants,
v.
GENERAL MOTORS CORPORATION and Ace Golden Oldsmobile, Inc., Appellees.
No. 91-3100.
District Court of Appeal of Florida, First District.
April 15, 1992.
Rehearing Denied May 19, 1992.
*888 Daniel E. Myers and Walter E. Forehand of Myers & Forehand, Tallahassee, and Leslie J. Barnett of Barnett, Bolt, Kirkwood & Long, Tampa, for appellants.
Dean Bunch of Cabaniss, Burke & Wagner, P.A., Tallahassee, and Edward W. Risko, Office of the General Counsel, General Motors Corp., Detroit, Mich., for appellees.
William C. Owen and F. Townsend Hawkes of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tallahassee, for Florida Auto. Dealers Ass'n, amicus curiae.
James D. Adams, Boca Raton, for South Florida Auto Truck Dealers Ass'n, amicus curiae.
SHIVERS, Judge.
This appeal is from an order granting final judgment in favor of a motor vehicle manufacturer that exercised its contractual right of first refusal to acquire a dealership. The plaintiff is a buyer who negotiated a transfer of the dealership with the owner and sought to enjoin the manufacturer from exercising its right of first refusal. We reverse.
Ace Golden Oldsmobile, Inc. (Ace) is an authorized Oldsmobile dealer pursuant to an agreement with General Motors Corporation (GM). A provision of the agreement, which was renewed in 1990, states in part:
If Dealer submits a proposal for a change of ownership under Article 12.2, [GM's Oldsmobile] Division will have a right of first refusal to purchase the *889 dealership assets regardless of whether the proposed buyer is qualified to be a dealer. If Division chooses to exercise this right, it will do so in its written response to Dealer's proposal.
Ace entered into an agreement with Bayview Buick-GMC Truck, Inc. (Bayview). Bayview is a dealer for other GM line-make vehicles. Ace agreed to transfer its assets to Bayview or its assignee  Salhany Investments, Inc.
On May 7, 1991, Ace notified GM of the pending transfer as required by section 320.643(1), Florida Statutes (1989). The section also requires a manufacturer to file a complaint with the Department of Highway Safety and Motor Vehicles if the manufacturer objects to the proposed transferee as unqualified. Instead of filing a complaint, GM responded to Ace's notification of transfer by exercising its right of first refusal.
Bayview filed suit against GM and Ace. Bayview sought injunctive relief pursuant to section 320.695, Florida Statutes (1989), which allows actions to be brought in the name of the Department of Highway Safety and Motor Vehicles for the use and benefit of motor vehicle dealers. The complaint demanded that GM recognize Bayview as the transferee of Ace's franchise. The plaintiffs and defendants filed motions for final judgment.
The trial court found Bayview had standing to bring the action, but it held the right of first refusal was a valid exercise of a contractual right not inconsistent with the statute. The order concludes, "When ... the right of first refusal is exercised there is no reason for the manufacturer to file a complaint. There is no disapproval of the transfer or transferee. There is simply the exercise of a preexisting contractual right resulting in the manufacturer's acquisition of the dealership before any transfer takes place."
We agree that Bayview has standing, but we hold that when GM received Ace's notice of the proposed transfer, GM was required to comply with section 320.643. The right of first refusal in the franchise agreement between Ace and GM is void.
When a manufacturer receives notice that a dealer intends to transfer a franchise, section 320.643(1) mandates that the manufacturer "shall, in writing, within 60 days after receipt of such notice, inform the dealer either of his approval of the transfer ... or of the unacceptability of the proposed transferee, setting forth the material reasons for the rejection."
The manufacturer may also file a complaint with the Department of Highway Safety and Motor Vehicles for a determination of whether the proposed transferee is qualified to operate the franchise. However, if the manufacturer chooses to not file a complaint objecting to the proposed transferee within sixty days of the notice, "the franchise agreement between the motor vehicle dealer and the [manufacturer] shall be deemed amended to incorporate such transfer... ."
These provisions are unambiguous. The plain meaning of section 320.643(1) is that if a manufacturer does not formally object to the qualifications of a proposed transferee within sixty days of notice of the proposed transfer, the franchise transfers to the proposed transferee by operation of law. GM cannot "evade or circumvent these provisions by use of contracts providing different methods for transferring a franchise." Department of Motor Vehicles for Use and Benefit of Fifth Ave. Motors, Ltd. v. Mercedes-Benz of North America, Inc., 408 So.2d 627, 630 (Fla. 2d DCA 1981).
GM's right of first refusal also collides with the legislative mandate that "[n]o ... manufacturer ... shall own or operate, either directly or indirectly, a motor vehicle dealership in this state ... which [has] been or [is] offered for sale under a franchise agreement with a motor vehicle dealer in this state." Section 320.645(1), Florida Statutes (1989). There are three exceptions to this prohibition in subsections (a) through (c) of section 320.645(1), but the exceptions do not apply in this case. The first two exceptions apply to the temporary operation  not ownership *890  of a dealership, and the third exception applies only when there is no independent person available to own the dealership. If GM exercises its right of first refusal, Ace is required to transfer title to GM according to the franchise agreement. GM would then own the dealership in direct violation of section 320.645(1).
Section 320.643(1) also limits a manufacturer's ability to reject a proposed transferee:

Notwithstanding the terms of any franchise agreement, the acceptance by the [manufacturer] of the proposed transferee shall not be unreasonably withheld. For the purposes of this section, the refusal by the [manufacturer] to accept a proposed transferee who is of good moral character and who otherwise meets the written, reasonable, and uniformly applied standards or qualifications, if any, of the [manufacturer] relating to the business experience of executive management required by the [manufacturer] of its motor vehicle dealers is presumed to be unreasonable.
(emphasis added). Since Bayview is already a dealer of GM motor vehicles other than those produced by GM's Oldsmobile Division, Bayview's qualifications are presumptively acceptable. Thus, any attempt by GM to withhold acceptance of Bayview as a qualified transferee would be presumptively unreasonable according to section 320.643(1). The statute plainly states the terms of a franchise agreement cannot excuse the unreasonable withholding of acceptance of a proposed transferee. GM's right of first refusal is a term in the franchise agreement. Therefore, GM's exercise of its right of first refusal cannot excuse its presumptively unreasonable withholding of acceptance of Bayview as a proposed transferee.
The trial court applied State v. British Leyland Motors, Inc., 290 So.2d 576 (Fla. 1st DCA 1974), for the proposition that the right of contract should not be denied to any person unless clearly restricted by a valid law. However, section 320.643 is a valid law which was in effect prior to the 1990 renewal of the dealership agreement between Ace and GM, and it clearly restricts the use of any term in a franchise agreement to circumvent or evade the statutory procedures. Section 320.643 is grounded in public policy. See section 320.605, Florida Statutes (1991). Any contract that contravenes an established interest of society can be found void as against public policy. American Cas. Co. v. Coastal Caisson Drill Co., 542 So.2d 957 (Fla. 1989); Title & Trust Co. of Florida v. Parker, 468 So.2d 520 (Fla. 1st DCA 1985). Accordingly, we find that GM's contractual right of first refusal is void.
In sum, Chapter 320 expressly prohibits a manufacturer from owning a dealership or from exempting itself from the requirements of section 320.643 by the use of a term in a franchise agreement. The right of first refusal clause in the franchise agreement between GM and Ace is therefore void as against public policy. The franchise agreement is deemed amended to incorporate a transfer of the dealership from Ace to Bayview.
REVERSED.
MINER and WOLF, JJ., concur.