618 So.2d 259 (1993)
PRACTICE MANAGEMENT ASSOCIATES, INC., Appellant,
v.
Robert E. GULLEY, Appellee.
PRACTICE MANAGEMENT ASSOCIATES, INC., Appellant,
v.
Gerald HELWIG, Appellee.
PRACTICE MANAGEMENT ASSOCIATES, INC., Appellant,
v.
Doug COCHRAN, Appellee.
PRACTICE MANAGEMENT ASSOCIATES, INC., Appellant,
v.
Curtis Lee CICH, Appellee.
PRACTICE MANAGEMENT ASSOCIATES, INC., Appellant,
v.
Mike ABBETT, Appellee.
Nos. 91-02937 to 91-02939, 91-02975 and 91-03862.
District Court of Appeal of Florida, Second District.
March 10, 1993.
Rehearing Denied May 13, 1993.
*260 Julee L. Milham, St. Petersburg Beach, for appellant in Nos. 91-02937, 91-02938 and 91-02975.
Melissa Gilkey Mince, Pinellas Park, for appellant in Nos. 91-02939 and 91-03862.
Gene A. Turk, Jr., Carbondale, IL, for appellees Robert E. Gulley, Gerald Helwig, and Doug Cochran.
Jean R. Simons of Simons & Seeley, P.A., Madeira Beach, for appellees Curtis Lee Cich and Mike Abbett.
Jean R. Simons of Simons & Seeley, P.A., Madeira Beach, amicus curiae for appellees Robert E. Gulley, Gerald Helwig and Doug Cochran.
PARKER, Judge.
The appellant, Practice Management Associates, Inc. (PMA), appeals the final summary judgment entered in each of these cases, which finds its contracts with the appellees null and void on the ground that a provision in the contract requires illegal fee splitting. We consolidate these cases for the purpose of this opinion and reverse.
Four of the appellees are chiropractors licensed and practicing in Illinois. One appellee is a chiropractor licensed and practicing in Minnesota. All five appellees entered into a contract entitled "Practice Starter Agreement" with PMA, a Florida corporation, which maintains its sole office in Clearwater, Florida. The appellees agreed to pay PMA ten percent of their weekly gross income or a weekly fee of $75, in return for management consulting services. The contract makes no reference to patient referrals or solicitation. Pursuant to the contract, the appellees are required to send weekly and monthly reports along with their fee to PMA in Pinellas County, Florida. Additionally, the contract contains a Florida choice of law provision.
In each case, PMA brought an identical two-count action after the appellee defaulted on payments. Count I sought damages for breach of contract, and count II, in the alternative, was an action in quantum meruit. One common affirmative defense asserted that the agreement would be illegal and void under Illinois and Minnesota law because it constitutes prohibited fee splitting. In each case, the trial court agreed and entered summary judgment in favor of the appellee.
The issue of whether or not the contract is illegal and void under Illinois law because the payment of fees constitutes fee splitting was resolved in P.M.A. v. Orman, 614 So.2d 1135 (Fla. 2d DCA 1993). This court held that the PMA fee did not constitute fee splitting in the traditional sense and that it did not fall within the conduct proscribed by Illinois law, nor was it against the public policy of Illinois. Orman, 614 So.2d at 1137.
The question before us now is whether or not the PMA payments constitute fee splitting in violation of Minnesota's law or is against the public policy of Minnesota. Section 148.10, Minnesota Statutes (1986), provides for the revocation of licenses for certain conduct. Section 148.10(1)(16) lists as grounds for revocation: "splitting fees, or promising to pay a portion of a fee or a commission, or accepting a rebate." The language of this statute is broad, and the case law does not provide any guidance for interpretation. Therefore, we construe "splitting fees" in the traditional meaning of dividing a professional fee with another person, professional or nonprofessional, for the referral of patients.
Because the contracts do not violate either the laws or public policies of Illinois or Minnesota, the trial courts erred by failing to apply Florida law in determining whether the contracts were null or void. Florida law controls because the parties to the contract agreed that Florida law would govern any disputes arising from the contract. Department of Motor Vehicles v. Mercedes-Benz of N. Am., Inc., 408 So.2d 627 (Fla. 2d DCA 1981). The operative *261 statute in Florida governing chiropractors is section 460.413, Florida Statutes (1985). The pertinent sections are:
(1) The following acts shall constitute grounds for which disciplinary action specified in section 2 may be taken:
... .
(k) Paying or receiving any unearned commission, bonus, kickback, or rebate or engaging in any split-fee arrangement in any form whatsoever with a physician, organization, agency, or person, either directly or indirectly, for patients referred to providers of health care goods and services, including, but not limited to, hospitals, nursing homes, clinical laboratories, or ambulatory surgical centers or pharmacies.
... .
(m) Soliciting patients either personally or through an agent, unless solicitation falls into a category of solicitations approved by the rule of the board.
§ 460.413(1)(k), (m), Fla. Stat. (1985)[1] (emphasis added). The plain language of the Florida Statutes clearly prohibits fee splitting solely for the referral of patients. It is uncontroverted that PMA does not refer patients to the appellees; thus, the contract is not null or void because it does not violate the statute governing the conduct of chiropractors in the State of Florida.
Reversed and remanded for further proceedings consistent with this opinion.
SCHOONOVER, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] Section 460.413(1)(k), Florida Statutes (1985) was amended in 1986 by chapter 86-285, section 13, Laws of Florida. The amended section is applicable to four of the appellees; however, the amendment does not affect our determination of the issue before us.