ERVIN, Judge.
We have consolidated these two cases for the purpose of this opinion, because the outcome of the latter ease, No. 92-2645, is dependent upon our resolution of the former, No. 92-2644. In Case No. 92-2644, appellant, Gus Machado Buick-GMC Truck, Inc. (Machado), seeks review of a nonfinal order entered by the Department of Highway Safety and Motor Vehicles (Department) granting a motion to dismiss filed by appellee, General Motors Corporation (GM), wherein GM sought to dismiss its own complaint regarding a proposed transfer of Machado’s franchise. In Case No. 92-2645, Machado seeks review of a final order entered by the Department determining that Machado had abandoned its franchise and was no longer a franchised Buick and GMC truck dealer. Because we conclude that the Department correctly determined that the proposed transfer of the franchise by Machado to another dealer, Potamkin, was invalid under Section 320.643(1), Florida Statutes (1989), we affirm as to both orders.
The facts in these cases are essentially undisputed. Machado closed its dealerships on February 1, 1991. Thereafter, on March 5, 1991, GM notified Machado, pursuant to Sections 320.641(4) and (5), Florida Statutes (1989), that it was exercising its right to cancel its dealership agreements with Macha-do on the ground of abandonment, because the dealerships had been closed for more than ten business days. On March 22, 1991, Machado filed a petition pursuant to section 320.641(5) for determination of whether an abandonment had, in fact, occurred (the termination case, which is now the subject of the appeal in Case No. 92-2645).
While the termination proceeding was pending, but before the final hearing, Macha-do and Potamkin entered into an agreement to transfer the franchise, and Machado notified GM. Thereafter, GM filed a verified complaint, pursuant to Section 320.643(1), Florida Statutes (1989), as a precautionary response to the proposed transfer (the transfer ease, which is the subject of the appeal in Case No. 92-2644). GM complained therein that Machado’s intended transfer contemplated discontinuance of the Buick/GMC truck operations at the present approved location and reestablishment of the operations at one or more alternative locations in con *812 flict with the provisions of its existing dealership agreements with GM. GM argued that as a result of the planned relocation, Potam-kin could not agree “in writing to comply with all requirements of the franchise then in effect,” as is required by section 320.643(1), and that the envisaged transfer was therefore invalid under the statute.
Machado filed a motion to dismiss GM’s complaint in the transfer case, arguing that GM’s complaint was not authorized under section 320.643(1).[1] GM then filed a motion to dismiss its own complaint, wherein it asserted that the transfer proposal was void under section 320.643(1), because Potamkin, by virtue of the proposed relocation, could not agree to comply with all the requirements of the existing franchise agreement. The Department of Administrative Hearings (DOAH) hearing officer assigned to the case agreed with GM and entered a recommended order of dismissal, which the Department adopted in its final order of dismissal, the subject of the appeal in Case No. 92-2644.
The crux of the appeals in each case concerns the Department’s interpretation of section 320.643(1), as applied to GM’s complaint in the transfer case. Thus, in reviewing the final order, we recognize that administrative agencies are afforded wide discretion in interpreting statutes they administer. The agency’s statutory construction is entitled to great weight and is not to be overturned unless clearly erroneous. Braman Cadillac, Inc. v. Department of Highway Safety & Motor Vehicles, 584 So.2d 1047, 1050 (Fla. 1st DCA 1991). Our task, then, is to determine whether the Department, as the agency regulating the applications, transfers, and revocations of motor vehicle franchise agreements," correctly interpreted the provisions of section 320.643(1). Cf. State Dep’t of Health & Rehab. Servs. v. Framat Realty, Inc., 407 So.2d 238, 242 (Fla. 1st DCA 1981); ABC Liquors, Inc. v. Department of Business Reg., 397 So.2d 696, 697 (Fla. 1st DCA 1981).
Section 320.643(1) prohibits a dealer from transferring its franchise agreement to another person unless the dealer first gives notice to the manufacturer of the decision to make the transfer. The manufacturer then has 60 days to inform the dealer either of its approval or the unaeceptability of the transfer. If the manufacturer does not so inform the dealer within the 60-day period, approval of the transfer is deemed granted, that is, the transfer occurs by operation of law. The statute continues that the manufacturer cannot unreasonably withhold acceptance of the proposed transferee, and that refusal to accept a proposed transferee who is of good moral character and who meets the standard qualifications for business experience is presumed to be unreasonable. The statute states, however, that “[n]o such transfer, assignment, or sale will be valid unless the transferee agrees in writing to comply with all requirements of the franchise then in effect.”
Appellant argues that because GM’s complaint did not challenge Potamkin’s moral character or business experience, but rather challenged the proposed relocation of the dealership, the complaint does not fall within the purview of section 320.643(1), and, as a consequence, GM failed to file a valid complaint within the 60-day period, thereby allowing the transfer to occur by operation of law. In support of its argument, Machado relies on Mercedes-Benz of North America v. Mike Smith Pontiac GMC, Inc., 561 So.2d 620 (Fla. 1st DCA), review denied, 574 So.2d 142 (Fla.1990), and Bayview Buick-GMC Truck, Inc. v. General Motors Corp., 597 So.2d 887 (Fla. 1st DCA 1992).[2] We find the facts in both cases distinguishable from those at bar.
In Mike Smith Pontiac, GM filed a complaint to a proposed transfer, and the Department granted the dealer’s motion to dis *813 miss GM’s complaint, because the complaint failed to meet the requirements of section 320.643(1), ie., it did not challenge the proposed transferee’s moral character or business experience. This court affirmed, concluding that GM did not state a valid basis for a transfer complaint, and that the Department correctly dismissed the complaint, thereby causing a transfer to occur by operation of law.
In Bayview Buick-GMC Truck, after GM received notice of a proposed transfer, GM asserted its contractual right of first refusal and opted to purchase the dealership, instead of filing a complaint protesting the qualifications of the proposed transferee, pursuant to section 320.643(1). The trial court upheld GM’s contractual right of first refusal, notwithstanding GM’s noneompliance with the provisions of section 320.643(1). This court reversed, stating that once GM received notice of the transfer, it was required to comply with section 320.643(1) and file a complaint. As GM did not file the complaint, the transfer occurred by operation of law.
As indicated, neither case involved a transfer coupled with a relocation; therefore, both cases are factually distinguishable and do not control. Instead, we agree with the Department’s implicit construction of section 320.-643(1), recognizing that a “transfer” of a motor vehicle dealership does not include a relocation. “Transfer” is defined as “ehang[ing] over the possession or control of (as, to transfer a title to land).” Black’s Law Dictionary 1497 (6th ed. 1990). Location is certainly an important consideration in any type of franchise agreement, and it is undisputed that the franchise agreement at bar contemplates a specific address. Thus, it was reasonable for the Department to interpret the transfer of a franchise under section 320.643(1) as encompassing only use of the same location and not a relocation.
In so concluding, we note that sections 320.60-.70 recognize the importance of location and the effect of a relocation. For instance, when applying for a license, which must be annually renewed, the manufacturer is required to notify the Department of all its authorized dealers and their addresses. Section 320.63(3), Fla.Stat. (1989). Section 320.642(1), Florida Statutes (1989), provides that once a manufacturer proposes to establish an additional motor vehicle dealership or permit the relocation of an existing dealership, notice must be published in Florida Administrative Weekly, so as to allow similar dealers in the area the opportunity to respond. When a manufacturer contends that existing dealers are not adequately supplying a particular territory, the Department may consider whether the manufacturer has attempted to coerce an existing dealer to relocate. Section 320.642(2)(b)(5), Fla.Stat. (1989). Finally, no existing dealer has grounds to protest when a dealership is reopened or a successor dealership is opened within twelve months, if it is within two miles of the former location, because it would not be considered an additional dealership. Section 320.642(5)(a), Fla.Stat. (1989).
To conclude, as it is undisputed that the proposed transfer contemplated a relocation of a dealership, the Department could reasonably interpret the intended transfer as failing to comply with the “franchise then in effect,” as required by section 320.643(1), which thus rendered the proposed transfer invalid. It therefore follows that the provisions of section 320.643(1) are inapplicable to the proposed transfer, and the dismissal of GM’s complaint, or its failure to protest Potamkin’s qualifications in accordance with the statute, does not result in the transfer of the franchise by operation of law. We therefore affirm the order of dismissal in Case No. 92-2644.
Turning to the termination case, No. 92-2645, Machado contends that the agency erred by denying its motions for stays and abatement,[3] and by entering the termination *814 order, while the proposed transfer to Potam-kin was pending.[4] Although it is clear that a pending transfer acts to continue the franchise agreement in a termination proceeding commenced under section 320.641(3), see Mike Smith Pontiac, it is unnecessary to determine whether the proposed transfer in the instant ease would have the same effect in GM’s abandonment/termination proceeding commenced under sections 320.641(4) and (5), because the proposed transfer to Potam-kin was invalid. Consequently, it could not form a basis to stay the termination proceeding. We therefore affirm as well the order in Case No. 92-2645.
AFFIRMED.
MINER, J., and SHIVERS, Senior Judge, concur.

. Namely, because GM had not alleged in its complaint that the proposed transferee lacked good moral character and/or sufficient business experience, as required by section 320.643(1).

. Appellant also relies on an order denying a motion to dismiss entered in Volkswagen of North America, Inc. v. Brumos Jacksonville, Inc., DOAH Case No. 90-5509 (DOAH Oct. 22, 1990). Even if this court were bound by agency orders, this order is so lacking in detail that it cannot be considered.

. Machado first moved to abate this action on July 26, 1991, which was denied by order dated August 1, 1991. Machado then filed a motion to stay and supporting memorandum, but that motion was denied by order dated December 10, 1991. In so doing, the hearing officer found that the proposed transfer to Potamkin was not valid under section 320.643(1), because Potamkin could not agree to comply with all the requirements of the existing franchise in that he did not represent he was purchasing the land and facility from Machado, but rather intended to relocate *814 the franchise contrary to the terms of the agreement. As there was no valid transfer, the stay provisions of section 320.641(7) do not apply. Machado filed a motion to reconsider, which was also denied. Machado also moved to stay entry of the final order, which was denied by the Department's order dated July 8, 1992, wherein the Department adopted the hearing officer's order of December 10, 1991.

. Machado does not contend that the finding of abandonment is not supported by competent, substantial evidence.