754 So.2d 755 (2000)
FENDI S.r.l. and Squirrel Real Estate, Inc., f/k/a Fendi U.S.A., Inc., Appellants,
v.
CONDOTTI SHOPS, INC., et al., Appellees.
No. 3D99-2258.
District Court of Appeal of Florida, Third District.
March 8, 2000.
*756 Pavia & Harcourt, and Richard L. Mattiaccio, and Steven Skulnik (New York City); Kenny Nachwalter Seymour Arnold Critchlow & Spector, and Michael Nachwalter, Harry R. Schafer, and Scott E. Perwin, Miami, for appellants.
Holland & Knight, LLP, and Daniel S. Pearon, and Lucinda A. Hofmann, Dwayne E. Williams, Miami; Hunton & Williams, and Marty Steinberg, and Stephen Stallings, Miami, for appellees.
Before JORGENSON, GERSTEN, and GREEN, JJ.

ON MOTION FOR REHEARING AND CLARIFICATION
GERSTEN, J.
We deny the motion for rehearing, but grant the motion for clarification withdrawing our prior opinion and substituting the following in its place.
Fendi S.r.l. ("Fendi") appeals a non-final order denying its motion to dismiss for lack of proper venue. Applying Florida law, we find the parties' contractual forum selection clause valid, and reverse and remand with instructions to dismiss the contract claims.
Fendi is an Italian corporation which manufactures and sells leather handbags and other goods. Fendi entered into a franchise agreement with appellee Condotti Shops, Inc. ("Condotti"), to sell Fendi goods at Condotti's boutique in the Bal Harbour mall. Article 17 of the standard form agreement contained a forum selection clause and choice of law clause which provided that all disputes between the parties would be resolved in the Court of Rome under Italian law.[1]
In March of 1998, Condotti was notified that it could not renew its lease at the Bal Harbour mall for its two authorized locations. Condotti then requested Fendi's approval to move the location of the boutiques. When Fendi refused, Condotti filed an eight-count complaint against Fendi in Dade County, Florida. The complaint alleged that the choice of law provision in the franchise agreement, as well as the forum selection clause, were "illegal, void and unenforceable" under Florida and federal law.
Fendi then moved to dismiss the case for improper venue and on other grounds, citing the forum selection clause in Article 17 of the franchise agreement. At the hearing on the motion to dismiss, Condotti argued that Italian law governed, and that the forum selection clause was invalid because the parties did not adhere to the strict procedural requirements necessary for enforcement of contracts in Italy. The trial court agreed and denied Fendi's motion to dismiss, finding that Italian law applied to the venue issue, that the contract between the parties was a contract of adhesion, and that the forum selection *757 clause was invalid and unenforceable under Italian law.
The issue in this appeal is whether the law of the forum (Florida law) applies, rather than the law selected by the parties (Italian law), in determining the validity of a forum selection clause for purposes of ascertaining proper venue. At the outset, we emphasize the methodological difference in our approach to this case from that taken by the trial court. The trial court looked to the parties' choice of law provision in determining the validity of the forum selection clause. As will be explained below, this focus was misplaced.
The trial court's 18 page order in large part was devoted to wrestling with the difficult task of applying Italian law to determine the validity of the forum selection clause. The trial court concluded that the parties' choice of Italian law governed validity of the forum selection clause based upon a "two step process."[2] The basic flaw in the trial court's reasoning was its further finding that: "In Florida, the first step must be governed by the law which the parties have selected to govern the contract," citing to Dept. of Motor Vehicles v. Mercedes-Benz of North Am., 408 So.2d 627 (Fla. 2d DCA 1981).
We can find no Florida case utilizing this procedure to determine the validity of a forum selection clause. Significantly, the Mercedes-Benz case does not support the trial court's finding because it did not involve a forum selection clause. In Mercedes-Benz, the parties' franchise agreement contained a choice of law clause stating that New Jersey law would govern any disputes. Applying general choice of law principles, the Second District correctly utilized the law selected by the parties to determine the validity of the franchise agreement. See Dept. of Motor Vehicles v. Mercedes-Benz of North Am., 408 So.2d at 629. Mercedes-Benz does not address the question faced in this case and thus does not support the proposition urged by Condotti.[3]
The majority of cases which do involve venue issues and questions regarding the validity of forum selection clauses have traditionally regarded such issues as "procedural" and have applied the law of the forum rather than the law selected by the parties.[4]See, e.g., Stewart Org., Inc. v. *758 Ricoh Corp., 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)(validity of forum selection clause determined by applying law of the forum rather than law selected by the parties); Yamada Corp. v. Yasuda Fire & Marine Ins. Co., Ltd., 305 Ill. App.3d 362, 238 Ill.Dec. 822, 712 N.E.2d 926 (1999)(applying Illinois law to determine validity of forum selection clause rather than law selected by the parties); Bense v. Interstate Battery System of Am., Inc., 683 F.2d 718 (2d Cir.1982)(validity of forum selection clause determined by applying federal law, despite choice of law provision calling for application of Texas law); Scheck v. Burger King Corp., 756 F.Supp. 543 (S.D.Fla.1991)(validity of forum selection clause and choice of law clauses determined by law of forum rather than law chosen by parties).
For example, in Stewart Org., Inc. v. Ricoh Corp., 810 F.2d 1066 (11th Cir. 1987)(en banc), aff'd, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988), the parties entered into a dealership agreement which contained a choice of law provision specifying New York law. The agreement also contained a forum selection clause specifying Manhattan as the forum for litigating any disputes arising out of the agreement.
Even though it was clear that the parties' choice of law clause required that New York law would govern the underlying dispute, the Eleventh Circuit, sitting en banc, found that the venue issue was a matter of federal procedure. Stewart Org., Inc. v. Ricoh Corp., 810 F.2d at 1066. Thus the court concluded that the validity of the forum selection clause was to be decided under the law of the forum.
More importantly, in Manrique v. Fabbri, 493 So.2d 437 (Fla.1986), it is apparent the Florida Supreme Court applied the law of the forum in determining the validity of the parties' forum selection clause. The agreements between the parties in Manrique, like the license agreement at issue here, contained both a forum selection and a choice of law provision. These provisions provided that the merits of any dispute would be decided in the courts of the Netherland Antilles under the laws of the Netherland Antilles. The Court held that contractual forum selection clauses are presumptively valid in Florida stating: "Florida courts should recognize the legitimate expectations of contracting parties. The trial courts of this state can effectively protect a party by refusing to enforce those forum selection provisions which are unreasonable or result from unequal bargaining power." Manrique v. Fabbri, 493 So.2d at 440.
Confronted with combined forum selection and choice of law clauses, Manrique construed the forum selection clause without reference to the choice of law provision. See Manrique v. Fabbri, 493 So.2d at 437; see also Lejano v. Bandak, 705 So.2d 158 (La.1997)(noting that in contracts containing combined forum selection and choice of law clauses, most courts construe forum selection clause without reference to choice of law provision). Thus, notwithstanding the fact that the parties' agreement provided the laws of the Netherland Antilles would control the outcome of "any ... conflict or dispute," it is clear the Court was devising and applying Florida procedural rules to govern the validity of the forum selection provisions.[5]
*759 As the current case illustrates, commercial contracts frequently include both a forum selection provision and a choice of law provision, often in the same sentence or paragraph. If we were to adopt Condotti's position, Florida courts would be required to apply the law of the forum to determine the validity of a choice of law clause, while applying the law of a different jurisdiction to determine the validity of a forum selection clause.
Such a procedure would often result in divergent outcomes and would require our already overburdened trial courts to engage in the complicated task of interpreting and applying the law of a foreign jurisdiction. Such a procedure would also invalidate the parties' choice of forum, thereby violating Manrique's dictate that Florida courts must "recognize the legitimate expectations of contracting parties" when ruling on the validity of a forum selection clause. See Manrique v. Fabbri, 493 So.2d at 440.
In conclusion, we find that Condotti is bound by the contract it signed and has failed to meet its burden of showing that the forum selection clause is invalid under governing standards of Florida law. Accordingly, we reverse and remand with instructions to the trial court to grant Fendi's motion, and to determine which claims arise out of the contract and are thus subject to the forum selection clause requiring they be tried in Italy. Rehearing is denied and clarification has been granted as stated in this opinion.
Reversed and remanded with instructions; rehearing denied; clarification granted.
NOTES
[1] This paragraph of the parties' agreement, entitled "Art. 17, Legislation-Disputes-Court of Venue" specifically states: "This contract is governed by the legislation of the Republic of Italy and as such will be interpreted by and subject to the law of Italy. The Court of Rome is the only Court of venue to adjudicate any dispute or controversy that may arise regarding the interpretation and the execution of this contract."
[2] According to the trial court, these two steps consist of: (1)determining whether the clause is valid as a matter of contract formation law, and (2)determining whether the clause is enforceable focusing on factors unique to forum selection clauses such as unreasonableness and public policy considerations.
[3] Condotti also cites to the Florida case of Hirsch v. Hirsch, 309 So.2d 47 (Fla. 3d DCA 1975) in arguing that the parties' choice of law governs validity of the forum selection clause. We disagree for the same reasons we find the Mercedes-Benz case inapplicable. In Hirsch, the parties' separation agreement contained a choice of law provision providing that disputes were to be governed by New York law. Thereafter, the wife brought suit in Florida seeking to modify the separation agreement. This court applied New York law to interpret and evaluate the terms of the agreement.

Significantly, the separation agreement did not contain a forum selection clause. The procedural issue of proper venue was determined by reviewing Section 61.14, Florida Statutes, which provides that an action regarding modification of agreements in connection with dissolution proceedings may be brought in Florida where either party is a resident of the State. See Hirsch v. Hirsch, 309 So.2d at 49. Simply, both Condotti and the trial court are mixing apples and oranges. Neither Mercedes-Benz nor Hirsch support the proposition that the parties' selection of law governs the validity determination of a forum selection clause in a Florida court.
[4] Condotti argues that federal courts apply the law chosen by the parties to determine the validity of forum selection clauses and cites to several federal cases. We are not persuaded. Significantly, the cases cited by Condotti do not involve a challenge to the validity of forum selection clauses. Rather the issues in these cases related to the interpretation and the scope of enforceability of the forum selection clauses. For example, in IDV North Am., Inc. v. Saronno, 1999 WL 773961 (Conn.Super.1999), the court specifically noted: "In the present action, the plaintiffs do not contest the general validity of forum selection clauses nor do the plaintiffs resist enforcement of the particular clause at issue based on fraud or serious inconvenience. Rather, the dispute is over whether the language of the clause is sufficient to confer exclusive jurisdiction upon the Italian court." IDV North Am., Inc. v. Saronno, 1999 WL 773961, at *11. The court then applied Italian law to interpret whether the clause conferred exclusive jurisdiction on the Italian court. Neither the IDV court, nor the courts in the other cases cited by Condotti, addressed a challenge to the validity of the forum selection clauses.
[5] As noted by Fendi, the Manrique Court wrote: "Florida courts should recognized the legitimate expectations of contracting parties." Manrique v. Fabbri, 493 So.2d at 440. It did not write: "Florida courts should recognize the legitimate expectations of contracting parties unless the law identified in a choice of law provision contained in the parties' agreement provides otherwise."