# Supreme Court of Florida

No. SC21-24

**TRIBECA ASSET MANAGEMENT, INC.,**
Petitioner,

vs.

**ANCLA INTERNATIONAL, S.A.,**
Respondent.

March 24, 2022

POLSTON, J.

Tribeca Asset Management, Inc. (Tribeca) seeks review of the Third District Court of Appeal's decision in *Ancla International, S.A. v. Tribeca Asset Management, Inc.*, 315 So. 3d 55 (Fla. 3d DCA 2019).[1] Because we hold that the contract at issue contains a choice of law provision rather than a forum selection clause, we quash the Third District's decision in *Ancla*.

---

1. We have jurisdiction. *See* art. V, § 3(b)(3), Fla. Const.

# I. BACKGROUND

Two foreign entities, Tribeca and Ancla International, S.A. (Ancla), allegedly entered into a Confidentiality Agreement (Agreement), which contained the following provision (Article 7):

> **SEVENTH**. APPLICABLE LAW. This agreement will be governed by the laws of the State of Florida of the United States of America (USA), a jurisdiction accepted by the parties irrespective of the fact that the principal activity of the beer project will be conducted in Colombia.

Ancla filed a petition in a Florida circuit court to compel arbitration. Tribeca moved to dismiss the petition arguing that the circuit court did not have personal jurisdiction over Tribeca, a nonresident defendant. The circuit court dismissed for lack of personal jurisdiction, ruling that Article 7 in the Agreement did not contain a forum selection clause and "merely contain[ed] a choice of law provision." The Third District reversed, stating "that the legal basis for personal jurisdiction in this case stems from a provision in the Florida Arbitration Code [section 682.18(1), Florida Statutes (2012)]." *Ancla*, 315 So. 3d at 56 n.1. The Third District concluded that the circuit court had personal jurisdiction over Tribeca because "the language 'Florida . . . a jurisdiction accepted by the parties'

confers jurisdiction on Florida courts to enforce the Agreement." *Id.* at 57.

## II. ANALYSIS

Tribeca argues that the trial court properly interpreted the language in Article 7 as merely a choice of law provision. Because the Agreement contains a choice of law provision, rather than a forum selection clause, Tribeca further argues that the Third District in *Ancla* improperly applied a Florida Arbitration Code statute as the basis for personal jurisdiction. We agree and quash the Third District's decision in *Ancla*.

"Where a contract is clear and unambiguous, it must be enforced pursuant to its plain language." *Hahamovitch v. Hahamovitch*, 174 So. 3d 983, 986 (Fla. 2015). Choice of law clauses reflect "[a]n agreement between parties to be bound by the substantive laws of another jurisdiction." *Se. Floating Docks, Inc. v. Auto-Owners Ins. Co.*, 82 So. 3d 73, 80 (Fla. 2012). "It is well established that when the parties to a contract have indicated their intention as to the law which is to govern, it will be governed by such law in accordance with the intent of the parties." *Dep't of Motor Vehicles ex rel. Fifth Ave. Motors, Ltd. v. Mercedes-Benz of N.*

- 3 -

*Am., Inc.*, 408 So. 2d 627, 629 (Fla. 2d DCA 1981). Choice of law clauses consistently provide that the agreement be governed, construed, interpreted, or enforced by or in accordance with the laws of the State of Florida or another state of the parties' choosing. *See, e.g., Banco Indus. de Venezuela C.A., Miami Agency v. de Saad*, 68 So. 3d 895, 898 (Fla. 2011) ("This contract shall be governed solely and exclusively by the laws of the State of Florida, specifically those of Dade County, Florida."); *Mazzoni Farms, Inc. v. E.I. DuPont de Nemours & Co.*, 761 So. 2d 306, 308 n.2 (Fla. 2000) (the agreement "shall be governed and construed in accordance with the laws of the State of Delaware").

Here, Article 7 provides that "[t]his agreement will be governed by the laws of the State of Florida of the United States of America (USA), a jurisdiction accepted by the parties irrespective of the fact that the principal activity of the beer project will be conducted in Colombia." Article 7 begins by stating that the Agreement "will be governed by the laws of the State of Florida of the United States of America (USA)." The word "laws" is modified by the phrase "the State of Florida of the United States of America (USA)." The "laws" referred to in the sentence are specifically those of Florida, which

plainly stipulates that Florida law will govern the Agreement. The word "jurisdiction" clarifies that the parties chose the location of Florida as the source of the law governing the Agreement. Moreover, the operative language here is markedly different from forum selection clauses this Court has addressed in previous cases. *See McRae v. J.D./M.D., Inc.*, 511 So. 2d 540, 541 (Fla. 1987) ("It is agreed that this agreement, wherever executed, shall be construed in accordance with the laws of the State of Florida and *venue shall be in Palm Beach County, Florida.*" (emphasis added)); *Manrique v. Fabbri*, 493 So. 2d 437, 438 (Fla. 1986) ("The laws of the Netherlands Antilles shall govern and control in case of any conflict among *the parties who expressly submit themselves to the venue and jurisdiction of the Courts of the Netherlands Antilles.*" (emphasis added)). Accordingly, we conclude that Article 7 contains a choice of law provision, not a forum selection clause.

Based on the Third District's erroneous conclusion that Article 7 contains a forum selection clause, it proceeded to rely on section 682.18(1)[2] of the Florida Arbitration Code to establish personal

---

2. Section 682.18(1), Florida Statutes (2012), provides:

jurisdiction without analyzing the due process requirement of minimum contacts. *See Ancla*, 315 So. 3d at 56 n.1. Among other requirements, section 682.18(1) only applies where an agreement "provid[es] for arbitration in [Florida]." Here, the Agreement does not provide for arbitration in Florida. Accordingly, section 682.18(1) does not apply according to its express language, and we need not reach the due process issue raised.

### III.  CONCLUSION

For the reasons explained above, we quash the Third District's decision in *Ancla* and remand for proceedings consistent with this opinion.

It is so ordered.

CANADY, C.J., and LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

---

The term "court" means any court of competent jurisdiction of this state. The making of an agreement or provision for arbitration subject to this law and providing for arbitration in this state shall, whether made within or outside this state, confer jurisdiction on the court to enforce the agreement or provision under this law, to enter judgment on an award duly rendered in an arbitration thereunder and to vacate, modify or correct an award rendered thereunder for such cause and in the manner provided in this law.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal Direct Conflict of Decisions

Third District – Case No. 3D18-1078

(Miami-Dade County)

Rebecca M. Plasencia, Adolfo E. Jimenez, and L. Vanessa Lopez of Holland & Knight LLP, Miami, Florida,

for Petitioner

Carlos E. Sardi of Sardi Law, PLLC, Coral Gables, Florida,

for Respondent